Mary Jane STEWART, Appellant,

v.

Arnold C. ROUSE et ux., Appellee.

No. 610.

Court of Civil Appeals of Texas,
Corpus Christi.

June 10, 1971.

Rehearing Denied July 29, 1971.

Thomas Rocha, Jr., Robert N. Kennedy,
San Antonia, for appellant.

Arthur L. Lapham, Victoria, for appellee.

## OPINION

NYE, Chief Justice.

This is a suit to set aside an adoption decree and to change the legal custody of the adopted children. The plaintiff Mary Jane Stewart is the natural mother of the subject children and the defendant is her mother, and the grandmother of the children. Both the plaintiff and the defendant filed motions for summary judgment. The court denied the mother's motion to set aside the adoption and granted the grandmother's motion confirming her original adoption of the children.

The plaintiff mother and her first husband were divorced on January 31, 1963. The custody of the six children was given

to the appellee grandmother and Arnold C. Rouse, now deceased. On March 25, 1965, the grandmother and her husband adopted the six children alleging that the children had lived in petitioner's home since December 1962 and that the natural parents had not contributed substantially to their support during the preceding two-year period. The records of the adoption do not show that the natural mother was ever served with personal citation, nor was there any evidence of her written consent. The County Judge of Victoria County executed the substituted consent to the adoption under the provisions of Art. 46a, Sec. 6(a), Vernon's Ann.Civ.St. The court changed the names of the children from Russell, the natural mother's married name to that of Rouse, the grandmother's married name.

The natural mother remarried. Her present husband is Lloyd D. Stewart, a sergeant in the United States Army. The natural mother, the appellant herein, did nothing to contest the adoption until the filing of the present suit on the 5th day of January 1970, four years and ten months after the adoption was completed.

Appellant's points one and two are directed to the error of the trial court in denying the natural mother's summary judgment and in granting the summary judgment of the appellee grandmother. The appellant contends that the Supreme Court of the United States in Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed. 2d 62 (1965) is determinative of the situation here. She contends that the adoption record is silent as to any actual notice of the adoption and that as a matter of law the adoption is void and should be set aside. This case turns on the Limitation Section of the Adoption Statute, Art. 46a, Sec. 1e, V.A.C.S.

■ The Courts of Texas have always held that the welfare of children is paramount. This is true where custody is involved, particularly upon the adoption of children. Probably in no other area of the law is the desirability of finality of determination greater than that which obtains in the field of adoption of children.[1]

■ Adoption decrees must manifest dependability and finality. The Texas Legislature recognized this need and the need for integrity and stability in the adoption process in the light of the United States Supreme Court's ruling in Armstrong v. Manzo, supra. They amended the previous adoption statute by adding thereto Sec. 1d. and Sec. 1e. which became effective on August 28, 1967. The first section (1d.) provides for notice to the child's natural parents where written consent has not been obtained. The second section (1e.) provides for a period of time within which previously granted adoptions under the old law could be contested. This would be where the provisions of the amended Act of section 1e had not been complied with: ie, actual notice to the natural parents. This latter section states in part:

" * * * After June 30, 1968, no person may bring an action to vacate an adoption decree on the ground that he had no notice of the adoption proceedings, if more than one year has elapsed since he discovered or should have discovered that the adoption was decreed."

The subject adoption was granted under Art. 46a, Sec. 6(a). This section provides that the County Judge may give his written consent where the living parent or parents had voluntarily abandoned and deserted the child sought to be adopted for a period of two years, or that the parent or parents had not contributed substantially to the support of such child during such two-year period. The adoption record indicates that this was the case concerning the appellant mother and her husband. The record shows that the grandmother and her late husband had complied with all of the amended statutory requirements relative to

---

1. 18 Baylor Law Review 1, Adoption: A Legislative Stitch in Time Suggested,

John R. Wilson, A.B., LL.B., Professor of Law, Baylor University.

the adoption at the time the decree was entered, except actual notice to the mother.

The summary judgment evidence is that the appellant mother knew of the adoption within a few days after the adoption took place on March 25, 1965. The limitation statute promulgated by the Legislature is calculated to impose diligence and vigilance on those who would attempt to vacate the adoption decree on the grounds that he had no notice of the adoption proceedings. Since the record discloses that the appellant mother knew of the adoption for years and did nothing to set it aside within the limitation period set forth in Art. 46a, Sec. 1e., her collateral action now to set aside the adoption fails as a matter of law.

Appellant argues that she had additionally petitioned the court to change the custody of five of the six children (one child was married) from the appellee grandmother to the appellant mother because three of the children had been living with her and the other two were now dependent and neglected children.

We have examined the record carefully and find that it is incomplete. The deposition of the appellant mother, although on file with the Clerk of the District Court, was not brought forward as a part of this appeal. The appellant mother did not file an affidavit outlining facts concerning this contention. It is, therefore, impossible for us to determine from the incomplete record that the judgment was erroneous as the presumption is, that the omitted deposition established the propriety of the summary judgment. Alexander v. Bank of American National Trust and Savings Association, 401 S.W.2d 688 (Tex.Civ. App.—Waco 1966, wr. ref.). Appellant's own sworn petition and motion for summary judgment is not sufficient to raise an issue of fact. Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540 (Tex.Sup.1971).

The judgment of the trial court is affirmed.