**Mary Jane STEWART, Petitioner,**

**v.**

**Catherine J. ROUSE, Respondent.**

**No. B–2943.**

Supreme Court of Texas.

Jan. 5, 1972.

Rocha & Kennedy, Robert N. Kennedy and Thomas Rocha, San Antonio, for petitioner.

Hartman & Lapham, Arthur L. Lapham, Victoria, for respondent.

STEAKLEY, Justice.

This case involves the unhappy circumstances of six adopted children. Their natural mother, Petitioner here, instituted this proceeding on March 12, 1970, to set aside an adoption decree of March 25, 1965, approving adoption of the children by the maternal grandparents (the maternal grandfather died on April 12, 1970) and to obtain permanent custody of the children pursuant to the provisions of Section 7[1] of Article 46a, Vernon's Annot.Civ.Stat. The parties respectively filed motions for Summary Judgment and the trial court granted the motion of the adoptive parent and decreed that Petitioner take nothing by her suit. The court of civil appeals affirmed this judgment. Tex.Civ.App., 469 S.W.2d 615.

For the reasons there stated, we agree with the holding of the court of civil appeals sustaining the judgment of the trial court that Petitioner take nothing by her suit attacking the adoption decree. But the take nothing judgment as to Petitioner's suit for a change of custody of five of the children from the adoptive parent to herself was in error. There are allegations

---

1. Sec. 7. Nothing in this Act shall prevent a Court of Competent Jurisdiction from taking away from such adoptive parent the custody of the adopted child and awarding the same to its natural parents, or either of them or to any other person, upon proof of the bad moral character of such adoptive parent, or upon proof of abuse, neglect or ill treatment of such adopted child by the adoptive parent.

of neglect and ill treatment requiring the determination of fact issues. As to this, Respondent did not discharge the burden of a movant for summary judgment. *See* Gibbs v. General Motors Corp., 450 S.W.2d 827 (Tex.1970).

We accordingly sever into one cause the suit of Petitioner to set aside the adoption decree, and with respect thereto affirm the judgments below.

We sever into another cause the suit of Petitioner for custody of the children and with respect thereto reverse the judgments below and remand this cause to the trial court.