## UNITED STATES FIDELITY & GUARANTY CO. v. ARCHER.

### No. 8120.

Court of Civil Appeals of Texas. Austin.
Oct. 10, 1935.

Rehearing Denied Oct. 30, 1935.

Collins, Jackson, & Snodgrass, of San Angelo, for appellant.

Kerr & Gayer, of San Angelo, for appellee.

BLAIR, Justice.

This is a workmen's compensation case. Appellee was employed by the Shannon West Texas Memorial Hospital as a mortar mixer in the completion of its hospital building. A hospital was provided for by the will of Mrs. M. A. Shannon, which provided the trustees named with some $2,000,000 for "the construction, upkeep, maintenance and support of a hospital." The trustees purchased a Baptist hospital which was being operated in a 4-story building, the third story of which had not been completed. After the purchase of this hospital, the Shannon West Texas Memorial Hospital operated the same under the direction of Dr. J. S. Hixon and Miss Frances Burch, secretary and second in authority. The purchase was made in December, 1931, and work for the completion of the third floor was commenced about June 1, 1932, under the direction of Dr. Hixon and Miss Burch; and they hired all the skilled workmen and laborers, including appellee. He alleged that the hospital carried workmen's compensation insurance with appellant company; that in the course of his employment lime splashed in his left eye, injuring it to such an extent as to require its removal, with resulting injury to his right eye, reducing its vision to not more than 25 per cent. normal; that the injuries to his eyes permanently partially disabled him, and incapacitated him from obtaining and retaining employment as a laborer. Appellant answered by a general demurrer and a general denial. A jury trial resulted in judgment for appellee for $2,975; the court decreeing that $744.85 thereof had accrued, and that the balance be paid in weekly installments.

282

By its first proposition appellant contends that since the evidence showed appellee to have been injured while engaged as a mortar mixer or laborer in the completion of the third story of the hospital building, he was not covered by the workmen's compensation policy issued to the Shannon West Texas Memorial Hospital as an employer engaged in the occupation of a hospital. The question of whether the policy of insurance covered appellee is one of law, and would ordinarily be determined by the terms of the policy and the law applicable thereto. Texas Employers' Ins. Ass'n v. Rogers (Tex. Civ. App.) 70 S.W.(2d), 1007, writ refused. In the instant case, however, appellee alleged that the policy of insurance was in the possession of appellant, and demanded that same be produced at the trial of the case; otherwise secondary evidence of its terms would be offered. Appellant did not produce the insurance policy, and appellee placed in evidence a certified copy of the notice filed with the Industrial Accident Board by the Shannon West Texas Memorial Hospital, showing that it had become a subscriber under the Workmen's Compensation Law, with appellant as the insurance carrier, giving the number of the policy and its effective and expiration dates. The filing of this notice is required by section 18a of article 8308, and section 5 of article 8307, as amended by Acts 42d Leg. p. 378, c. 224, § 1 (Vernon's Ann. Civ. St. art. 8307, § 5), provides that such certified copy shall be admissible in evidence and prima facie proof of all facts stated therein, unless denied under oath by the opposing party. Appellant filed no denial under oath. Texas Employers' Ins. Ass'n v. Bradford (Tex. Civ. App.) 62 S.W.(2d) 158; Commercial Standard Ins. Co. v. DeHart (Tex. Civ. App.) 47 S.W.(2d) 898.

Appellant insists, however, that since the certified copy of the notice stated "Occupation Hospital," the insurance contract must be construed as covering only such employees as are usually employed by a hospital in the care of the sick. The words "Occupation Hospital" as they appear in the certified copy seem to be the question and answer on a form used for filing the notice that the employer has become a subscriber under the Workmen's Compensation Law (Vernon's Ann. Civ. St. art. 8306 et seq.). These words merely describe the business or occupation of the subscriber, and do not attempt to prescribe the terms of the insurance contract, nor the schedule of risks covered by the policy. The schedule of risks as set forth in the policy usually determine whether the employee is covered by the contract. Appellee by proper pleadings demanded that appellant produce the policy. This appellant failed to do, and the introduction of the certified copy of the notice that the hospital had become a subscriber became under the statutes prima facie proof of the fact that the policy of insurance covered the work in which appellee was employed when injured. Appellant alone could have produced the contract for construction, and, having failed to do so, it will not be heard to give doubtful and limited construction to words used in the notice showing that the hospital had become a subscriber to workmen's compensation insurance with appellant.

The evidence further showed that the foreman, placed in charge of the completion of the third floor, asked Miss Burch, who had authority to act in the matter, to look after the compensation insurance for the employees, which she agreed to do before the work commenced. On May 2, 1932, she filed for the hospital notice with the Industrial Accident Board that the hospital had become a subscriber for compensation insurance with appellant; that this policy covered the period from 1–26–32 to 1–26–33, and was a "replacing," "renewal" policy. The work on the building commenced about June 1, 1932, and appellee was injured on July 23, 1932. On May 2, 1932, appellant also filed with the board notice of this "replacing," "renewal" policy, as required by the Compensation Act. By proper pleadings, appellee demanded that appellant produce this policy at the trial; and, having failed to do so, the trial court had the right to assume that the insurance contract covered the work in which appellee was employed when injured.

By its second proposition, appellant contends that the definition of "course of employment" given by the court "was too broad and general." It reads as follows: "The term 'Injury sustained in the course of employment' as used in this charge, means that the injury must originate in the work, business, trade or profession of the employer, and such injury must be received while the employee is engaged in or about the furtherance of the affairs or business of his employer, and only cov-

ers injuries to persons employed in the usual course of the trade, business, profession or occupation of the employer but may occur on the premises of the employer or elsewhere."

The definition is substantially the statutory definition (Vernon's Ann. Civ. St. art. 8309) of the term "course of employment," and the giving of the same was not error. Very similar definitions have been approved in the following cases: Texas Employers' Ins. Ass'n v. Owen et al. (Tex. Com. App.) 298 S. W. 542; Bishop's Workmen's Compensation Law in Texas, page 282; Texas Employers' Ins. Ass'n v. Moyers et al. (Tex. Civ. App.) 69 S.W.(2d) 777. The evidence was practically undisputed that lime splashed in appellee's eye while doing the work he was employed to do; and for this reason there is nothing in the definition which could confuse or mislead the jury. The definition and issue relating to the course of employment had nothing to do with the main defense of appellant that the policy did not cover the work in which appellee was engaged when injured. This question was one of law for the court under the prima facie evidence rule and presumption of law above, adverted to.

By its third and remaining proposition, appellant contends that the definition of "partial incapacity" given by the court was erroneous. It reads: "The term 'incapacity' as used in this charge means an inability to obtain and retain employment as a laborer. The total and permanent loss of both eyes is permanent and total incapacity, but a lesser impairment of vision may be a partial but not (total) incapacity. Partial incapacity is an injury which will impair the future usefulness or occupational opportunities of the injured employee and is determined according to the percentage of incapacity, 'taking into account the nature of the physical injury, the occupation of the injured employee and his age at the time of the injury."

The objection was as follows: "To that portion of the Sixth Paragraph of the Court's Charge dealing with the loss of the sight of both eyes and impairment of vision, for the reason that the same is in the nature of a general charge and is therefore prejudicial."

It is obvious that since the jury found only 80 per cent. incapacity, the reference to the loss of the sight of both eyes had no effect upon them. The definition was not a general charge telling the jury to find for appellee if he had lost the sight of both eyes. It merely defined partial and total disability to the eyes, and left the jury free to determine the percentage of incapacity. The same definition was approved in Texas Employers' Ins. Ass'n v. Pearson (Tex. Civ. App.) 67 S.W.(2d) 630, writ dismissed.

The judgment of the trial court will be affirmed.

Affirmed.

## On Motion for Rehearing.

BLAIR, Justice.

In its motion for a rehearing, appellant contends that our statement that "appellee alleged that the policy of insurance was in the possession of appellant" was incorrect, because appellee only alleged that the policy "was not within his possession." The matter is wholly immaterial, because appellee alleged that he did not have the policy, but described it by number and date; alleged that he was covered by the policy, and that appellant had issued it; and demanded that appellant produce the policy at the trial, otherwise secondary evidence of its contents would be offered. Appellant did not produce the policy, and appellee offered the certified copy of the notice filed with the Industrial Accident Board that his employer had become a subscriber for insurance with appellant as carrier, giving the effective and expiration dates of the policy; which notice was prima facie proof of all facts stated therein; and which with other evidence showing the policy was substituted for another about the time the work commenced was sufficient to show prima facie that appellee was covered by the policy; and since appellant failed or refused to produce the policy, it will be presumed that it would not have benefited or aided appellant on this issue. 17 Tex. Jur. § 90, pp. 310–314, and cases there cited.

And since appellant failed to produce the policy, which no doubt would have shown the employees who were covered by it, appellant will not now be heard to give a doubtful and limited construction to the term "occupation hospital," as used in the notice filed with the insurance board, and as meaning only those employed to care for the sick were covered by the policy. Under the Workman's Compensation Act (Vernon's Ann. Civ. St. art. 8306 et seq.),

the contract of insurance is between the employer and the insurance company, for the benefit of the employee. It is matter of common knowledge that the employee is not furnished with a copy of the contract; and where, as in this case, the insurance company by proper pleadings is given notice to produce the policy in the suit of the employee thereon, we see no valid reason why the company should refuse to do so; and certainly the trial court and this court, in their efforts to construe the contract fairly as between the parties, should be furnished upon proper demand the policy of insurance in suit.

The motion for a rehearing will be overruled.

Overruled.