Joyce Mae **HILL**, a widow, Individually, etc., et al., Appellants,

v.

**HIGHLANDS INSURANCE COMPANY,** Appellee.

No. 15360.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Oct. 10, 1968.

Rehearing Denied Nov. 7, 1968.

Ted Musick, Houston, for appellants.

William Key Wilde, John R. Cope, Houston, for appellee; Bracewell & Patterson, Houston, of counsel.

PEDEN, Justice.

The appellant brought this suit on behalf of herself and her minor children for benefits under the Texas Workmen's Compensation Act for the death of her husband, Arthur James Hill. Her petition states a cause of action under the Act.

The defendant carrier filed a general denial, a motion for summary judgment, two affidavits, a copy of an autopsy report and a copy of appellant's deposition testimony. The motion asserts that there is no genuine issue as to whether Mr. Hill's death was due to an injury suffered in the course of his employment, it being established that he died of natural causes. From the granting of the carrier's motion for

summary judgment, Mrs. Hill has perfected this appeal.

One of the affidavits in support of the company's motion was made by Robert Downing, an employee of a construction company on the job where Mr. Hill had been working as a guard. Mr. Downing stated that he was one of the first to arrive on the job site on the morning of July 18, 1967, at which time he "discovered Mr. Hill lying on the floor of the guard shack with his legs curled up slightly toward him. There were no signs of any physical violence or disturbance in the guard shack nor any apparent bruises or marks on Mr. Hill's body. In fact, Mr. Hill had a slight grin on his face. He felt cold when I touched him, and I then called the Houston Police Department."

The other affidavit submitted by appellee relates to the authenticity of the copy of the autopsy report regarding Mr. Hill's remains. The report states that pathological diagnoses on the body of Mr. Hill revealed:

1. Coronary artery sclerosis, severe.

2. Mitral rheumatic heart disease, healed.

3. Pulmonary edema and congestion.

4. Chronic congestion of liver, spleen and kidneys.

5. Cerebral arteriosclerosis.

The report concludes: "It is our opinion that the decedent, Arthur James Hill, came to his death as a result of severe coronary artery sclerosis while at work."

In opposition to the carrier's motion, Mrs. Hill filed an affidavit which recites no facts refuting the facts shown by appellee but simply stating that she contends that her husband died of compensable injuries received on the job and/or the illness brought about by the injury and that she has evidence of this.

In her deposition Mrs. Hill testified that she knew of no witnesses to her husband's death. She said that she based her conclusion that he had died of an accidental injury on the way he looked when she saw him at the funeral home, which was the first place she had seen him after his death. She related: " * * * His right eye was all bruised. It seemed like he had been hit in his right eye. His bottom lip was busted and all bruised up. On his right chin he had a bruised place. And his lip on the top side was cut, on the left side." She added: "Well, his face was all we seen."

She did not know when or where such cuts or bruises were inflicted. She said her husband had told her about "a bunch of people down there" causing him trouble by wanting to come on the job on the Saturday and Sunday before his death, but she knows nothing about any attack on him except what she concluded by looking at his body at the funeral home.

Appellant's point of error asserts that fact issues have been raised by her pleadings, affidavit and deposition as to whether her husband died as a result of an injury received on the job.

Plaintiff's petition shows what the alleged issues are until defendant-appellee shows that no fact issue actually exists as to any necessary part of plaintiff's cause of action.

 Our duty is not to weigh the evidence or determine its credibility, and thus try the case on the affidavits. The underlying purpose of Rule 166–A was elimination of patently unmeritorious claims or untenable defenses; not being intended to deprive litigants of their right to a full hearing on the merits of any real issue of fact. The burden of proving that there is no genuine issue of any material fact is upon the movant, and all doubts as to the existence of a genuine issue as to a material fact must be resolved against the moving party. The court accepts as true all evidence of the party opposing the motion and gives him the benefit of every reasonable inference which properly can be

**250**

drawn in favor of his position. Gulben-kian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952).

 We first examine appellee's motion for summary judgment, its affidavits and autopsy report and find they are not sufficient to negative the allegation which they attack. The autopsy report does not mention cuts or bruises on Mr. Hill's face, but this does not establish that they were not present when the autopsy was made; taken with Mrs. Hill's deposition testimony and Mr. Downing's affidavit it merely raises a fact issue. The report states an opinion as to the cause of death but does not disclose whether the medical examiner had an opinion as to whether the severe coronary artery sclerosis was or was not brought or by an accidental injury. Such report does not establish, and no other proof has been offered to show, that death from arterial sclerosis cannot result or in this case did not result from an accidental injury. A disease which is a concurring cause with an injury in causing disability or death does not preclude the grant of compensation. 62 Tex.Jur.2d 690, Workmen's Compensation, § 110.

We now turn to Mrs. Hill's deposition to see whether her admissions are sufficient to show that on the controlling issue essential to her recovery which appellee has attacked she would not have enough evidence to go to a jury. Such is the test as stated in Dyer v. MacDougall, 201 F.2d 265 (2nd Cir., 1952), and followed in Eubanks v. Hughes Engineering Co., 369 S.W.2d 49 (Ft. Worth Tex.Civ.App. 1963, writ ref., n. r. e.).

Giving Mrs. Hill the benefit of every reasonable inference, and considering her testimony as true, we cannot say that it has been shown that Mrs. Hill would be unable to raise a fact issue as to her husband's having received an accidental injury in the course of his employment which contributed to cause his death.

"The failure of one party in a hearing upon a motion for summary judgment to discharge the burden which would rest on him at a trial on the merits is no ground for a summary judgment in favor of the other party." Tigner v. First National Bank of Angleton, 153 Tex. 69, 264 S.W. 2d 85 (1954).

We hold that the evidence submitted by the appellee does not support the summary judgment and thereby cast upon appellant the burden of demonstrating that her claim is based on admissible evidence; it does not establish that the decedent died of natural causes.

Reversed and remanded.