Leo W. ROBBINS, Appellant,

v.

MARYLAND AMERICAN GENERAL INSURANCE COMPANY, Appellee.

No. 655.

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 7, 1971.

Rehearing Denied Oct. 28, 1971.

Stone, Luther & Dyer, Curtis B. Dyer, Corpus Christi, for appellant.

Branscomb, Gary, Thomasson & Hall, Gary Norton, Corpus Christi, for appellee.

## OPINION

BISSETT, Justice.

This is an appeal from a summary judgment entered in a case involving workmen's compensation insurance coverage. Leo W. Robbins claims to be the injured employee of ABC Mobile Homes, Inc. Maryland American General Insurance Company is alleged to be the workmen's compensation insurance carrier of ABC Mobile Homes, Inc. The Industrial Accident Board of Texas made an award in favor of Leo W. Robbins. Maryland American General Insurance Company then filed suit against Leo W. Robbins to set such award aside.

Both parties filed motions for summary judgment. The trial court heard both motions and granted the motion filed by Maryland American General Insurance Company. Leo W. Robbins has duly and timely perfected his appeal to this Court. We reverse and remand.

Appellee, in its motion for summary judgment, stated two specific grounds therefor; first, it was not the carrier of the workmen's compensation insurance of ABC Mobile Homes, Inc. at the time of appellant's injury on June 24, 1969; and, second, appellant did not file notice of his injury or a claim for compensation with the Industrial Accident Board of Texas within six months from date of injury, and good cause did not exist for such failure to file the notice and claim within the prescribed period of time. The trial court granted the motion on the first ground.

Appellant contends that the trial court "erred in granting appellee's motion for summary judgment for the reason that material issues of fact do exist". Appellee, by a counterpoint, asserts that "there is no good cause as a matter of law for Leo W. Robbins' failing to file his notice of injury and claim for compensation within six months after the date of his injury as required by the Texas Workmen's Compensation Act".

■ In moving for summary judgment, the burden is on the movant to establish that except as to the amount of damages, "there is no genuine issue as to any material fact" and that it "is entitled to a judgment as a matter of law". Rule 166–A(c), Texas Rules of Civil Procedure. Our Supreme Court, in Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex.Sup. 1965), has set out certain rules that must be followed in summary judgment cases. Omitting the citations of the cases contained in the Supreme Court's opinion, some of the rules therein announced are stated in the following language:

"* * * The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. * * *

* * * * * *

"* * * In other words, the evidence must be viewed in the light most favorable to the party opposing the motion. * * *

* * * * * *

"* * * If the motion involves the credibility of affiants or deponents, or the weight of the showings or a mere ground of inference, the motion should not be granted.

All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true. * * *

* * * * * *

"Evidence which favors the movant's position is not considered unless it is uncontradicted. If such uncontradicted evidence is from an interested witness, it

cannot be considered as doing more than raising an issue of fact, unless it is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach such testimony. * * * "

These rules have been reviewed and reiterated by the Supreme Court in a number of recent decisions, among them, Torres v. Western Casualty and Surety Company, 457 S.W.2d 50 (Tex.Sup.1970); Glenn v. Prestegord, 456 S.W.2d 901 (Tex.Sup. 1970); Harrington v. Y. M. C. A. of Houston, 452 S.W.2d 423 (Tex.Sup.1970); Gibbs et al. v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.1970).

Another rule that we follow in disposing of this case was set out by the Supreme Court in the case of In re Price's Estate, 375 S.W.2d 900, 904 (Tex.Sup.1964), where, in discussing the purpose of the summary judgment rule, it was said:

" * * * The purpose of the rule is to eliminate patently unmeritorious claims, or untenable defenses and to avoid delays of trial where there is no genuine issue of fact. It was never intended to deprive litigants of their right to a full hearing on the merits of any real issue of fact. The summary judgment is to be applied with caution and will not be granted where there is doubt as to the facts. Although the prompt disposal of judicial business is greatly to be desired, that is not the main objective. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W. 2d 929."

■ We do not consider the pleadings filed by either appellant or appellee as summary judgment evidence; these pleadings simply outline the issues and do not constitute summary judgment proof or evidence. Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540 (Tex. Sup.1971).

We now specifically consider whether the affidavits, depositions, exhibits and the other summary judgment evidence adduced at the trial established as a matter of law that there was no genuine issue of fact.

■ Appellant was injured in the afternoon of June 24, 1969 while driving a truck owned by ABC Mobile Homes, Inc. On June 25, 1969 ABC Mobile Homes, Inc., acting by and through W. T. Pulliam, its president, applied for workmen's compensation insurance through Donald P. McClure. On June 26, 1969 Donald P. McClure requested appellee to issue such a workmen's compensation policy to ABC Mobile Homes, Inc., effective June 24, 1969. Policy No. WC 1 709785 was issued by appellee to ABC Mobile Homes, Inc., that showed on its face that it was effective at 12:01 a. m., June 24, 1969. Appellee learned of appellant's injury several weeks after the policy was issued, and on July 31, 1969 executed an endorsement to the policy changing the effective date from June 24, 1969 at 12:01 a. m. to June 25, 1969 at 12:01 a. m. Notice that appellee had issued the policy to ABC Mobile Homes, Inc., effective June 24, 1969 at 12:01 a. m., was received by the Industrial Accident Board of Texas on August 1, 1969 and by the Railroad Commission of Texas on July 17, 1969. An amended notice showing the effective date of the policy to be June 25, 1969 at 12:01 a. m. was received by the Industrial Accident Board of Texas on August 25, 1970. Appellant filed notice of his injury and claim for compensation with the Industrial Accident Board of Texas on June 4, 1970. Appellant engaged an attorney on August 5, 1969 to represent him in the matter of his claim for damages as a result of the injuries suffered by him on June 24, 1969. Appellant filed suit against W. T. Pulliam on August 13, 1969 wherein he sought damages for injuries sustained by him resulting from an automobile collision alleged to have occurred on or about June 25, 1969 while he was employed by Pulliam. The award to appellant was made by the Industrial Accident Board of Texas on September 8, 1970.

Suit was filed to set the award aside on September 28, 1970. ABC Mobile Homes, Inc. was incorporated on June 19, 1969.

We note from the record that the deposition of W. T. Pulliam was taken after appellant had sued him but before appellant had filed his notice of injury and claim for compensation with the Industrial Accident Board of Texas. The deposition of appellant was taken and all of the affidavits of the respective affiants were made after the filing of notice of injury and claim for compensation.

We are of opinion that all of the summary judgment evidence in the form of depositions and affidavits is from interested witnesses. Leo W. Robbins is the appellant. Curtis B. Dyer is the attorney of record for appellant. Donald P. McClure is the producing agent who, on June 26, 1969, requested appellee to issue a workmen's compensation insurance policy to ABC Mobile Homes, Inc., to be effective June 24, 1969 at 12:01 a. m. Bill H. Lacy is an employee of appellee. W. T. Pulliam is an executive officer of ABC Mobile Homes, Inc., and of ABC Trailer Sales and Rentals, Inc., two separate and distinct corporations that were in existence on June 24, 1969. W. T. Pulliam, both individually and as an executive of each of the above named corporations, maintained insurance policies with appellee during all times pertinent to this appeal.

W. T. Pulliam, in his deposition that was taken on October 29, 1969 (after he had been sued in his individual capacity by appellant), stated that appellant was an employee of ABC Mobile Homes, Inc. on June 24, 1969. However, in his affidavit made on August 20, 1970 (after appellant had given notice of his injury and had filed for workmen's compensation benefits), he stated that appellant was not an employee of ABC Mobile Homes, Inc., at the time of the injury. This contradiction is not explained in any other portion of the summary judgment proof. The written memorandum dated August 7, 1967 is a document executed by and between ABC Trailer Sales and Rental Corporation and appellant whereby appellant agreed to do "contract" jobs for that corporation; ABC Mobile Homes, Inc. is not mentioned therein. Appellee did not state in its motion for summary judgment that appellant was not an employee of ABC Mobile Homes, Inc., nor did the trial court base its judgment on such a finding. For the purpose of this appeal we consider appellant an employee of ABC Mobile Homes, Inc. on June 24, 1969. While the statements concerning the employer-employee status do not control the questions presented by this appeal, they are contradictions of a vital fact issue that must eventually be determined, and, because of the contradictions, they bear on the credibility of the witness.

Appellee contends that the undisputed and uncontradicted evidence shows as a matter of law that the workmen's compensation policy that was issued to ABC Mobile Homes, Inc. was not effective until June 25, 1969 at 12:01 a. m. It argues that the effective date of June 24, 1969 was inserted in the policy by inadvertence and error on the part of Donald P. McClure; and, when the error was discovered, the intended effective date of June 25, 1969 at 12:01 a. m. was made a matter of record by endorsement to the policy.

In Texas Employers' Insurance Ass'n v. Dossey, 402 S.W.2d 153 (Tex.Sup.1966), in a case involving the employment status of the injured workmen in a dispute as to the times of his employment, the Supreme Court said:

"* * * Ascertaining the real agreement of the parties from a consideration of the evidence bearing on the terms and conditions of the contract of employment, and hence determining employee status, is the function of the trier of facts. * * *"

That same rule applies here. The determination of the time and date that ABC Mobile Homes, Inc. and appellee intended the policy to become effective under the record

here presented is the function of the trier of facts. Such a disputed issue is not to be determined by summary judgment.

■ Under the Workmen's Compensation Act, Article 8306, Vernon's Ann.Civ. St., et seq., the contract of insurance is between the employer and the insurance company, for the primary benefit of the employer. Texas Employers' Ins. Ass'n v. Rollins, 257 S.W.2d 851 (Tex.Civ.App., El Paso 1953, n. w. h.); United States Fidelity & Guaranty Co. v. Archer, 87 S.W.2d 281 (Tex.Civ.App., Austin 1935, wr. dism'd). The obligations assumed by the insurance company are contractual in nature, and inure to the benefit of both employer and employee. Southern Casualty Co. v. Morgan, 12 S.W.2d 200, 201 (Tex. Com.App.1929); Commercial Standard Ins. Co. v. De Hart, 47 S.W.2d 898 (Tex.Civ. App., Waco, 1932, wr. dism'd).

There is nothing in the record that shows the date that the policy was actually issued. W. T. Pulliam, in his affidavit, does not say in clear, direct and positive language that he applied for the insurance to be *effective* June 25, 1969 though it may be inferred that he was referring to the effective date thereof. He says: "Through error, both the liability policy and the Workmen's Compensation Insurance policy were dated June 24, 1969, that being one day before application was made for them". This is not an unqualified statement that the policy was not effective on June 24, 1969.

Both appellee and Pulliam signed the original notice of workmen's compensation insurance coverage that was filed with the Industrial Accident Board on August 1, 1969. This notice states the effective date to be 12:01 a. m. on "6/24/69" and is signed by W. T. Pulliam on "7-29-69". The certificate filed with the Railroad Commission of Texas shows the effective date of the policy to be "6/24/69"; this certificate was signed by appellee's representative on July 16, 1969. Therefore, by the giving of such notice of coverage to these State agencies, it can reasonably be assumed that as late as July 29, 1969 both the employer and the insurance carrier believed that the policy was effective from June 24, 1969.

Donald P. McClure, in his affidavit, states that on June 25, 1969 W. T. Pulliam "ordered and bought a workmen's compensation policy for his business known as ABC Mobile Homes, Inc.". McClure then requested that appellee issue such policies. He states: "Both of these policies were requested on June 26, 1969; however, when the date was requested as the effective date of the policy, I requested that this policy be effective June 24, 1969". Next, he says that about July 31, 1969, W. T. Pulliam asked him "if I had back dated his policies to cover the accident involving one of the men working for him". McClure then says: "That was the first time I was aware that there had been an accident. I advised Dr. Pulliam that I had not back dated the policies". It was then discovered that the policy showed the effective date to be June 24, 1969 at 12:01 a. m., the day of appellant's injury. Finally, he says: "At this time, it was agreed between Dr. William T. Pulliam and myself that an endorsement should be issued to correct the effective date of the policy". These statements are from appellee's own witness, and when considered with the other evidence presented by the record, do no more than raise an issue of fact which must be resolved by either the trial judge or the jury in a conventional trial.

■ It is now settled law in this State that a recovery may be had on a policy of insurance against a loss occurring prior to the issuance of the policy provided that neither the insured nor the insurer knew of the loss when the contract was made. Burch v. Commonwealth County Mutual Ins. Co., 450 S.W.2d 838 (Tex.Sup.1970). That rule is applicable in this case. There is no evidence that W. T. Pulliam, president of ABC Mobile Homes, Inc., or any agent of appellee knew of appellant's injury prior to the making of the contract pro-

viding for workmen's compensation. The authority of Donald P. McClure and Swantner & Gordon Insurance Agency to represent appellee and to bind it in the matter of the issuance of the policy is not questioned in this appeal.

■ An examination of the summary judgment evidence convinces us that appellee has not carried its burden to establish as a matter of law that there is no genuine issue of fact present as to at least one of the essential elements of its cause of action. Whatever may have been the understanding between W. T. Pulliam and Donald P. McClure on June 25, 1969 when application for insurance was made, it is undisputed that the policy that was actually issued pursuant to such application showed on its face that it was effective from June 24, 1969 at 12:01 a. m. and not from June 25, 1969 at 12:01 a. m. as contended in this appeal by appellee. The insurance policy as originally issued is valid and binding on its face and is evidence itself of the correctness of the effective date therein stated.

To hold that the summary judgment evidence in this case shows as a matter of law that the policy did not become effective until June 25, 1969 at 12:01 a. m., would require us to indulge in inferences in favor of the appellee. The cases of Burton v. I. C. T. Insurance Company, 304 S.W.2d 292 (Tex.Civ.App., Texarkana 1957, n. w. h.) and Johnson v. Firemen's Insurance Co. of Newark, N. J., 398 S.W. 2d 318 (Tex.Civ.App., Eastland 1965, n. w. h.), cited by appellee in support of its contention, are not in point. In each of those cases, the employee sustained an injury after the workmen's compensation policy had been cancelled. In the Burton case, the court held that such a policy could be cancelled by mutual consent of the employer and the insurer and that failure to notify the Industrial Accident Board of the cancellation until after the date of the employee's injury did not alter or change the effective date of the cancellation. In the Johnson case, the identical fact situa-

tion was presented and the court held that failure of the insurer to notify the Industrial Accident Board of the cancellation of the policy prior to the employee's injury did not estop the insurance company from asserting the defense of cancellation of the policy prior to injury. The facts are entirely different in the case at bar. Here, there is no question of cancellation of the policy prior to the employee's injury. The question presented in this appeal is whether the summary judgment evidence shows as a matter of law that the policy was not in effect at the time of appellant's injury. We hold that it does not. There is a genuine issue of a material fact. Fact issues must first be determined before that question can be answered. Accordingly, appellant's first point of error is sustained.

■ When both parties filed motions for summary judgment and one such motion is granted, the trial court's judgment becomes final and appealable, and on appeal the Court of Civil Appeals should determine all questions presented; if reversible error is found, the Court of Civil Appeals should render such judgment as the trial court should have rendered. Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396 (1958). We have considered appellant's second point of error in the light of the above rule. The contention that appellant was entitled to summary judgment declaring and holding as a matter of law that the insurance policy involved in this appeal was in force at the time of appellant's injury cannot be sustained. Appellant's second point of error is overruled.

We now consider appellee's counterpoint that as a matter of law good cause did not exist for appellant's late filing of notice of his injury and of his claim for compensation with the Industrial Accident Board of Texas.

■ In relying upon good cause for failure to file notice of injury and claim for compensation within six months as prescribed by Article 8307, section 4a, V.A.C. S., the claimant is charged with the duty

of prosecuting his claim with that degree of diligence that a reasonably prudent person would have exercised under the same or similar circumstances. Texas Employers' Insurance Association v. Brantley, 402 S.W.2d 140 (Tex.Sup.1966). Ordinarily, whether a claimant has used that degree of diligence is a question of fact to be determined by a jury or trial judge. Texas Casualty Insurance Company v. Beasley, 391 S.W.2d 33 (Tex.Sup.1965). The question or issue of diligence may be determined against the claimant as a matter of law only when the evidence, construed most favorably for the claimant, admits of no other conclusion. Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370 (1948).

In New Amsterdam Casualty Co. v. Chamness, 63 S.W.2d 1058 (Tex.Civ.App., Eastland 1933, wr. ref.), the employee made timely inquiry of his employer concerning workmen's compensation coverage and was informed by the latter that he was not carrying such insurance at the time of injury. The court held that the submission of an issue to the jury inquiring whether good cause existed for failing to file a claim at an earlier date than the date that it was actually filed was proper.

The claimant in Texas General Indemnity Co. v. McNeill, 261 S.W.2d 378 (Tex. Civ.App., Beaumont 1953, n. w. h.), contended that the cashier for his employer represented to him that he would take care of the filing of all necessary papers incident to the claim for workmen's compensation. The claimant relied upon such representation. The claim was not filed by the cashier for the employer but was filed by the claimant's attorneys some ten months after the date of injury. The jury found that good cause existed for the late filing. The Court of Civil Appeals affirmed.

█ In the case at bar, appellant was injured on June 24, 1969. Notice of injury and claim for compensation was filed with the Industrial Accident Board of Texas on June 4, 1970. Appellant's attorney, in his affidavit, states that he was employed by appellant on August 5, 1969 to represent

him in processing his claim for damages resulting from the injuries sustained on June 24, 1969. He (the attorney) stated that at that time (August 5, 1969) he was advised by the employer of appellee that there was no workmen's compensation coverage; he further said that "during the course of my investigation of Mr. Robbins' claim, I was advised by Mr. Pulliam's attorney that Mr. Pulliam nor the above named corporation carried workmen's compensation coverage". Appellee, in his affidavit, said: "I was told by W. T. Pulliam personally that he did not have workmen's compensation coverage to cover my injuries. * * *" In his deposition that was taken on October 29, 1969, W. T. Pulliam stated that ABC Mobile Homes, Inc., did not carry workmen's compensation on June 24, 1969. The record does not show just when appellee discovered that the above policy of workmen's compensation insurance had been issued.

We do not believe that Texas General Indemnity Company v. McIlvain, 424 S.W. 2d 56 (Tex.Civ.App., Houston 14th 1968, wr. ref.), is controlling of appellee's counterpoint. There the court held as a matter of law that the claimant's mistaken belief that her supposed employer did not carry workmen's compensation was not good cause to excuse her failure to file her claim within six months after the date of her injury. Here, appellee, in his affidavit, stated that W. T. Pulliam told him personally that there was no compensation insurance coverage.

With that state of the record, we find that the summary judgment evidence is inconclusive as to whether good cause did not exist for appellant's failure to file notice of his injury and claim for compensation within the statutory period. We hold that there is a genuine issue of material fact in this instance that must be decided by the trier of facts. Appellant's counterpoint is overruled.

The judgment of the trial court is reversed and the cause is remanded for trial.

SHARPE, J., not sitting.