William Carey CRUTCHER, a/k/a Carey Crutcher, Appellant,

v.

**LIBERTY BANK, Appellee.**

No. 7891.

Court of Civil Appeals of Texas, Beaumont.

Feb. 10, 1977.

Vernon E. Fewell, Robert M. Davant, Houston, for appellant.

C. F. Jordan, Jr., Houston, for appellee.

DIES, Chief Justice.

Defendant below, William Carey Crutcher, appeals from the granting of a summary judgment for plaintiff, Liberty Bank. Plaintiff bank sued defendant to enforce his liability as principal debtor on a promissory note. The evidence before the court was comprised of the pleadings, defendant's amended motion for summary judgment supported by the affidavit of the bank's president, and a number of uncertified documents (alleged to be copies of bank records and a series of promissory notes including the one at issue). We shall speak of the parties as they appeared in the trial court.

Defendant Crutcher contends that the trial court erred in granting summary judgment since the evidence offered in support thereof failed to rebut his verified defenses of lack of consideration, estoppel and fraud,

and thus did not dispose of all genuine issues of material fact which would bar plaintiff's recovery.

We begin our consideration of the issues presented on appeal with the proposition that the movant for summary judgment (here Liberty Bank) has the burden of establishing the nonexistence of any genuine issue of material fact and that it is entitled to judgment as a matter of law. *Hidalgo v. Surety Savings and Loan Association,* 462 S.W.2d 540, 542 (Tex.1971); *Gibbs v. General Motors Corporation,* 450 S.W.2d 827, 828 (Tex.1970). While *Tex.R. Civ.P. 166–A* provides for the elimination of patently unmeritorious claims or untenable defenses, the rule is not intended to deprive a litigant of his right to a full hearing on the merits as to any real issue of fact. *In re Price's Estate,* 375 S.W.2d 900, 904 (Tex. 1964); *Hill v. Highlands Insurance Company,* 433 S.W.2d 247, 249 (Tex.Civ.App.— Houston [1st Dist.] 1968, writ ref'd n. r. e.); *Robbins v. Maryland American General Ins. Co.,* 472 S.W.2d 203, 206 (Tex.Civ.App.— Corpus Christi 1971, writ ref'd n. r. e.). Moreover, in order to secure a summary judgment, a party must comply with all of the terms of *Rule 166–A. Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396, 400 (1958); *Axcell v. Phillips,* 473 S.W.2d 554, 560 (Tex. Civ.App.—Houston [1st Dist.] 1971, writ ref'd n. r. e.).

Plaintiff bank's pleadings, motion and evidence, taken alone and without objection, established a prima facie case which would entitle it to summary judgment. As was explained by Chief Justice Calvert in *"Moore" Burger, Inc. v. Phillips Petroleum Company,* 492 S.W.2d 934, 936–937 (Tex. 1972):

"In this situation we hold that the *Gibbs* rule did not impose the burden on the defendants to negative 'Moore' Burger's defensive plea; rather, the burden was on 'Moore' Burger [Crutcher], if it wished to avoid the granting of summary judgment against it, to adduce evidence raising a fact issue concerning its promissory estoppel [fraud] defense."

See also, *Torres v. Western Casualty and Surety Company,* 457 S.W.2d 50, 53 (Tex. 1970); *Whittenburg v. Cessna Finance Corp.,* 536 S.W.2d 444, 445 (Tex.Civ.App.— Houston [14th Dist.] 1976, writ ref'd n. r. e.).

When the hearing on plaintiff's motion for summary judgment was held, defendant's verified first amended answer and cross-action were the only instruments on file for defendant in this cause. The facts set out in the pleadings were of such nature and specificity that had they been contained in an affidavit, at the least a genuine issue of material fact would have been raised as to defendant Crutcher's defense of fraud. See *Viracola v. Dallas International Bank,* 508 S.W.2d 472, 474 (Tex.Civ.App.—Waco 1974, writ ref'd n. r. e.), in which the court reversed the granting of a summary judgment and remanded the cause for trial on the grounds that fraud in the inducement is a good defense to a suit on a note between original parties and that the debtor had set out sufficient facts in his affidavit opposing the motion for summary judgment to raise a fact issue as to fraud. See also, *Costello v. Sample,* 470 S.W.2d 446, 448 (Tex.Civ. App.—Waco 1971, writ ref'd n. r. e.).

■ The sworn pleadings of defendant Crutcher are insufficient, standing alone, however, to place in issue the question of whether or not the note was fraudulently induced, etc.

As was said by our Supreme Court in *Texas Nat. Corp. v. United Systems International, Inc.,* 493 S.W.2d 738, 741 (Tex. 1973), citing *Hidalgo v. Surety Savings and Loan Association,* supra:

> " 'Pleadings simply outline the issues; they are not evidence even for summary judgment purposes. . . . On balance, we are convinced that orderly judicial administration will be better served in the long run if we refuse to regard pleadings, even if sworn, as summary judgment evidence.' " (citations omitted)

Further, in *Texas Nat. Corp.,* supra, 493 S.W.2d at 741, Chief Justice Greenhill, while discussing the *Hidalgo Case* above cited, continued as follows:

"Two justices concurred in the result in *Hidalgo.* They agreed that the statements in the *pleadings* about holder in due course were mere conclusions and were not adequate summary judgment proof. They were of the opinion, however, that facts sworn to in pleadings should be treated as any other affidavits filed in the case. The holding is otherwise." (emphasis in original)

Being of the opinion that the decisions in both *Hidalgo* and *Texas Nat. Corp.,* supra, are dispositive of the case at bar, we overrule the points of error advanced by defendant Crutcher and affirm the judgment of the trial court.

Judgment affirmed.

STEPHENSON, J., not participating.