**Adolph N. TURINSKY, Appellant,**

v.

**Iva May TURINSKY, Appellee.**

**No. 16015.**

Court of Civil Appeals of Texas.

Dallas.

June 15, 1962.

Rehearing Denied July 13, 1962.

Burt Barr, Dallas, for appellant.

Turner, Rodgers, Winn, Scurlock & Terry, and Jerry N. Jordan, Dallas, for appellee.

DIXON, Chief Justice.

Appellee Iva May Turinsky and appellant Adolph Turinsky were divorced in Tulsa, Oklahoma January 25, 1949. Appellant was ordered to pay $150 per month as child support for two children. Thereafter appellant moved to Texas where he resided at the time the present suit was filed. He has made no child support payments.

On December 4, 1959 appellee filed suit in Dallas County, Texas against appellant for the sum of $17,000 for arrears in child support.

In his answer to appellee's petition appellant pled that appellee's suit was barred by the three year statute of limitations of the State of Oklahoma, and by the provisions of Art. 5530, Vernon's Ann.Civ.St. of Texas. He further pled a general denial, and also specifically pled that in connection with the divorce he had deeded to appellee 160 acres of farm land in Oklahoma in lieu of all future child support, and in addition thereto his mother had paid appellee $2,000 from appellant's inheritance.

Appellant verified his plea of the three year statute of limitations of Oklahoma and his plea seeking to invoke the provisions of Art. 5530, V.A.C.S. of Texas. However, the verification does not meet the requirements of Rule 166–A § (e), Texas Rules of Civil Procedure for summary judgment proceedings. Appellant's other pleas are not verified.

On May 26, 1961 the trial court sustained appellee's motion for summary judgment and rendered judgment against appellant for $15,450 principal with interest thereon at 6%.

In his first point on appeal appellant takes the position that appellee's suit comes within the provisions of an Oklahoma limitations statute which bars after three years suits on contracts not in writing and suits based on "a liability created by statute, other than a forfeiture or penalty." Appellant argues that the action is barred in Oklahoma and therefore it is barred in Texas. Tourtelot v. Booker, Tex.Civ.App., 160 S.W. 293; 26 Tex.Jur. 448.

The Supreme Court of Oklahoma has held that the three year statute of limitations of that State does not apply to suits for unpaid installments of child support. Hough v. Hough, 206 Okl. 179, 242 P.2d 162. The Oklahoma five year statute of limitations does apply to such suits. But appellant has not pled the five year statute of limitations, therefore he has waived it. Aetna Casualty & Surety Co.

v. Moss, Tex.Civ.App., 336 S.W.2d 748; Rule 94, T.R.C.P.

Moreover, Title 12, § 98 of the Statutes of Oklahoma provides that if a person leaves the State the time of his absence shall not be computed as any part of the period within which the action must be brought. Appellant pled in his answer that he had resided in the State of Texas for more than 10 years prior to the time this suit was filed on December 4, 1959. So far as appellant's first point on appeal is concerned the allegation is an admission against interest, therefore may be taken as true. That being so the running of limitations in Oklahoma was suspended long before the three year period had expired. Appellant's first point on appeal is overruled.

Appellant's second point on appeal is as follows:

"Trial court erred in holding Article 5530 R C S would prevent any recovery prior to December 4, 1949."

The judgment in Oklahoma was rendered January 25, 1949. The present suit was filed in Texas December 4, 1959. The court in calculating the amount of the judgment did not charge appellant with installment payments for child support which had become due more than ten years prior to the date of the filing of the suit in Texas. This action by the trial court resulted in the reduction of the amount of the judgment from the $17,000 sued for to the lesser amount of $15,540. If such action was error on the part of the trial court, it was an error in appellant's favor, so he will not be heard to complain about it. Providential Inv. Corp. v. Dibrell, Tex.Civ.App., 320 S.W.2d 415; Langley v. Norris, 141 Tex. 405, 173 S.W.2d 454; 4 Tex.Jur.2d 267–268.

We shall express no opinion as to whether the trial court properly construed Art. 5530, V.A.C.S. as a whole, for that question is not presented by appellant's point on appeal. However, we do say it

was not error for the trial court to exclude from its judgment the payments which became due by appellant prior to December 4, 1949. Appellant's second point is overruled.

In his third point appellant asserts that the court erred in rendering summary judgment because there was a dispute as to a material fact as to whether appellant gave appellee a 160-acre farm in Oklahoma in lieu of all future child support.

Appellant filed no answer to appellee's motion for summary judgment, filed no controverting affidavits, filed no sworn pleadings, except as to his pleas of limitations and the affidavits there do not conform to Rule 166–A, Sec. (e) as hereinbefore pointed out.

The record offered by appellee in support of her motion for summary judgment included appellant's answers to requests for admissions. By his answers appellant admitted as facts that appellant and appellee had been married and divorced, that two children had been born of the marriage, that appellant had made no payments of child support in accordance with the court order, and that appellant had quitclaimed all interest in the 160-acre farm.

The record also includes exemplified copies of the pleadings, appellant's waiver of service and the court's judgment in the Oklahoma case. The court recited that the parties had accumulated an interest in 160 acres of described land, that appellant had quitclaimed all his interest in the land to appellee, and that the court approved of such conveyance "and approves said property settlement." Then the court in further recitations ordered appellant to pay $150 per month as child support. Obviously, if the quitclaim of appellant's interest in the 160 acres of land had been in lieu of child support, the court would not have ordered payments of child support of $150 per month.

The record also includes an affidavit by appellee wherein she stated that appellant quitclaimed the 160 acres as "part of the property settlement" between them and that in addition appellant was ordered to pay $150 per month as child support. Appellant has not denied the foregoing by answer to appellee's motion or by affidavit.

■ In his answer to appellee's petition appellant alleges that he quitclaimed his interest in the 160-acre farm in lieu of child support. This is the only reference anywhere in the record to any such claim. Mere pleadings cannot be accepted as proof of their own allegations in summary judgment proceedings. The rule is especially applicable here since the burden was on appellant to support his affirmative defenses. Gulf, C. & S. F. Ry. Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492, 500; Sparkman v. McWhirter, Tex.Civ.App., 263 S.W.2d 832; Page v. Pan American Pet. Corp., Tex.Civ.App., 327 S.W.2d 469; Stayton, "Notes on Summary Judgment", 13 Texas Bar Journal, 445, 471.

The record contains no support for appellant's claim that there is a fact issue in regard to his quitclaiming the 160-acre farm. His third point on appeal is overruled.

The judgment of the trial court is affirmed.