Carolina E. HIDALGO, a feme sole,
Appellant,

v.

SURETY SAVINGS AND LOAN ASSOCI-
ATION, a corporation, Appellee.

No. 6101.

Court of Civil Appeals of Texas,
El Paso.

July 15, 1970.

Rehearing Denied Aug. 19, 1970.

**342** ◼ ▬▬▬▬▬▬▬▬▬▬▬

Albert Armendariz, El Paso, for appellant.

Arturo R. Aguirre, El Paso, for appellee.

## OPINION

WARD, Justice.

This is an appeal from a summary judgment rendered for the plaintiff as the holder in due course of a promissory note and lien instrument securing the same, against the maker of the note. We affirm the judgment of the trial court.

The summary judgment pleadings and proof presented to the trial court at the time of the hearing, and on behalf of the plaintiff-appellee, consisted of its unsworn amended motion for summary judgment, and its first amended petition, which is sworn to and which has attached to it, as exhibits, a copy of the note, the lien instrument, and a transfer of the note and lien instrument to the appellee. The sworn petition alleges the execution and delivery by the appellant of a promissory note dated June 13, 1967 in the amount of $3,283.20 payable to one Western States Improvement Company, Inc. in monthly installments of $54.72 per month, together with the lien instrument securing the same; that on June 28, 1967 the appellee, for a valuable consideration, became the legal owner and holder of the note by paying a valuable consideration to the original payee; that the note had not matured nor been dishonored, and the appellee had no notice of any infirmity thereon and is now the holder, in due course, of the note. There are further allegations concerning the default in the payments on the note and its acceleration. There is also submitted the deposition of the appellant. On behalf of the appellant there was submitted a sworn Second Amended Original Answer and an instrument entitled a "Controverting Affidavit to Plaintiff's Motion for Summary Judgment", which is in the form of an affidavit to Plaintiff's Motion for Summary signed by the appellant; and finally, an instrument entitled "First Supplement to Our Second Amended Answer and Cross Action", unsworn to by the appellant.

Attached to the deposition are the original note, lien instrument, and transfer, the appellant readily admitting the execution by her of the note and lien instrument. Also, and of utmost importance for the purpose of the summary judgment proceedings, there is a Completion Certificate executed June 26, 1967, addressed to the appellee and executed by the appellant, certifying that the work for which the note was given had been satisfactorily completed and accepted by the appellant, and further certifying that no statement or promise had been made regarding the note which would in any way affect the payment of the note; that there are no counter-claims to the obligation, and that the note will be paid according to its terms. The appellant having admitted the execution of the instruments involved, also admitted the receipt by her of a payment book from the appellee and the making of monthly payments on the note until March, 1969, when she noticed that the repairs made to her home by the original payee and contractor were defective.

We must view the evidence in the light most favorable to the appellant, indulging in her favor every intendment reasonably deducible from the evidence, and resolving all doubts as to the existence of a genuine issue as to a material fact against appellee. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929. The question is not whether the summary judgment proof raises fact issues with reference to the essential elements of plaintiff's claim or cause of action, but is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. Gibbs et al. v. General Motors Corporation, Tex., 450 S.W.2d 827 (1970).

By various pleadings, appellant has raised defenses of failure of consideration, fraud, and usury, with some summary judgment proof being offered in the deposition of the appellant of failure of consideration and fraud, but only as it relates to the original holder and payee of the note. Appellee has submitted its sworn pleadings and the deposition of the appellant, whereby it has established that it had purchased the note from the Western States Improvement Company, Inc., after the appellant had executed the completion certificate, and before the first payment was due, for a valuable consideration, in good faith and without notice. The appellant having admitted receiving the payment book, made payments on the note unil March, 1969. For the purposes of the summary judgment proceeding, and without the introduction of any evidence by the appellant of any other notice to appellee, we feel that the appellee has complied sufficiently with Section 3.307 of the Uniform Commercial Code and has effectively cut off any of the defenses of the appellant and has discharged its burden of showing that it is a holder in due course "in all respects". 9 Tex.Jur.2d 165, § 156;

United Securities Corporation v. Bruton, 213 A.2d 892 (D.C.App.1965) ; 23 A.L.R.3rd 932 at 1011; Calvert Credit Corporation v. Humble, 249 A.2d 518 (D.C.App.1969).

As to the defense of usury, the appellee having purchased the note which, on its face, shows no usury, and the maker, by the completion certificate, having acknowledged to the appellee that the obligation was good and she would pay it, we feel that the defense of usury has been effectively disproved sufficiently for summary judgment purposes. Davis v. Boling, 340 S.W.2d 331 (Tex.Civ.App., Amarillo 1960, wr. ref. n. r. e.). The appellant has in no way alleged any defense that it might have against a holder in due course.

The appellant complains of the foreclosure of the lien instrument which created a mechanic's and materialman's lien and, in addition, a deed of trust lien with power of appointment of a successor in the holder of the note. The defect pointed out by the appellant is that the lien instrument, after the creation of a mechanic's lien, does not name a trustee in the deed of trust portion of the instrument, a blank for the trustee having been left. Nowhere in the pleadings of the appellant does she ever complain of the lack of appointment of a trustee. It is obvious from reading the lien instrument that a lien was created on the property of the appellant. Likewise, this is a judicial foreclosure, and not a foreclosure by exercise of the power of the trustee, such as the court dealt with in Kimberly Development Corp. v. First State Bank, 404 S.W.2d 631 (Tex.Civ.App.1966, Houston, wr. ref. n. r. e.). The court had the power to reform and enforce the lien instrument in the same suit. 49 Tex.Jur.2d 604 and 606.

The appellant's points having been disposed of, the judgment of the trial court is affirmed.