**Carolina E. HIDALGO, a *femme sole*, Petitioner,**

v.

**SURETY SAVINGS AND LOAN ASSOCIATION, a corporation, Respondent.**

No. B–2366.

Supreme Court of Texas.

Feb. 3, 1971.

Armendariz & Armendariz, Albert Armendariz, Sr., El Paso, for petitioner.

Arturo R. Aguirre, El Paso, for respondent.

CALVERT, Chief Justice.

In this suit brought by Surety Savings and Loan Association against Mrs. Carolina E. Hidalgo to recover on a promissory note and to foreclose a lien on real property securing the note, the trial court rendered a summary judgment awarding Surety the relief sought, and the court of civil appeals has affirmed. 457 S.W.2d 341. We reverse the judgments of both courts and remand the cause to the trial court.

The note, dated June 13, 1967, in the principal sum of $3,283.20, and payable in monthly installments of $54.72, was signed and delivered by Mrs. Hidalgo to Western States Improvement Co., Inc., the payee. If the judgment on the note cannot stand, the judgment foreclosing the lien must fall.

Surety's live pleading at the time of the summary judgment hearing was its First Amended Petition. Surety alleged that the defendant executed and delivered the note to Western States; that "the Plaintiff, for a valuable consideration, became the legal owner and holder of said promissory note by written endorsement" from Western, and that "at the time of paying the consideration therefor" the "note had not been matured or dishonored and no notice of

any infirmity in said note was given to Plaintiff, constituting Plaintiff a holder in due course of said promissory note." The petition was sworn to by Surety's attorney who on oath stated that "the foregoing petition and pleadings therein and all allegations therein contained are true and correct within his knowledge."

Mrs. Hidalgo had on file a Second Amended Original Answer and a First Supplement to her Answer and a Cross Action at the time of the hearing. She alleged in substance that Surety was not a holder in due course; and among her pleaded defenses to liability on the note were (1) that she was fraudulently induced to execute and deliver the same by false representations as to the nature, extent and quality of certain repairs to be made to her home, and (2) failure of consideration.

In moving for summary judgment, Surety assumed the burden of establishing that "there [was] no genuine issue as to any material fact" and that it was "entitled to a judgment as a matter of law." Rule 166–A(c), Texas Rules of Civil Procedure; Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.1970), at 828; Torres v. Western Casualty and Surety Co., 457 S.W.2d 50 (Tex.Sup.1970). Compare Glenn v. Prestegord, 456 S.W.2d 901 (Tex.Sup. 1970) with Prestegord v. Glenn, 441 S.W.2d 185 (Tex.Sup.1969).

At the time of the hearing, the trial court also had before it an affidavit by Mrs. Hidalgo and her deposition. In her deposition Mrs. Hidalgo admitted the execution and delivery of the note to Western States in payment for certain repairs to be made to her home and the execution of the lien instrument to secure payment of the note. She also admitted the signing of a completion certificate directed to Surety. Copies of the note, lien instrument and completion certificate were attached to the deposition. The copy of the note shows that the same had been transferred and assigned by Western States to Surety. From this summary judgment proof we may assume that Surety

established conclusively that Mrs. Hidalgo executed and delivered the note in question to Western States; that at the time of hearing a balance thereon was due and unpaid, and that Surety was the legal owner and holder. If this had been all of the evidence, the judgment would have been proper; but it is not all of the evidence.

■ There was also summary judgment evidence supporting Mrs. Hidalgo's affirmative defense of failure of consideration as required by Rule 166–A if the motion was to be overruled. See Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492, 500 (1959). Mrs. Hidalgo's affidavit contains this statement:

"Defendant states as a fact that the work called for in the contract was never substantially performed in that the job called for a plastering of the home with a new product and the same was only painted."

Mrs. Hidalgo gave testimony to the same effect in her deposition. She testified: "I made payments but as soon as I noticed the house was cracking and also that the paint was fading then I will not [make payments] because the job isn't any good and I will have to repaint the house because it looks bad." Again: "I did it voluntarily yes [signed the papers] in order to fix my house but something that is not worth it I can't pay for it. It is all cracked and the paint is faded. The man promised me that it would be free of cracks and of blemishes or fading." The quoted testimony is obviously in the language of one who does not express herself too well in English, but we are satisfied that it is adequate to raise a fact issue of failure of consideration.

With the record as here outlined, Surety filed and presented its Amended Motion for Summary Judgment. The judgment was sought on the ground that Mrs. Hidalgo did not set up in her pleading, affidavit and deposition a valid defense to Surety's cause of action. The theory of the motion was that the summary judgment record estab-

lished conclusively that Surety was a "holder in due course," and that the defenses of fraud in the inducement and failure of consideration are not valid defenses to a suit on a negotiable instrument by such a holder. This, by virtue of certain provisions of Acts 1965, 59th Leg., ch. 721, the Uniform Commercial Code, which was in effect at the time of the transaction.

§ 3–302 provided:

"(1) A holder in due course is a holder who takes the instrument

(a) for value; and

(b) in good faith; and

(c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person. * * *"

§ 3–305 of the same act provided:

"To the extent that a holder is a holder in due course he takes the instrument free from

(1) [not applicable]

(2) all defenses of any party to the instrument with whom the holder has not dealt except

(a), (b), (c), (d), (e) [none applicable]."

§ 3–306 provided:

"Unless he has the rights of a holder in due course any person takes the instrument subject to

(a) [not applicable]

(b) all defenses of any party which would be available in an action on a simple contract; and

(c) the defenses of failure of consideration * * * * etc. [See also § 3–408]

(d) [not applicable]"

The court of civil appeals seems to have been of the view that Surety's status as a holder in due course was conclusively established by the excerpts we have quoted from Surety's verified First Amended Petition and from recitations in the completion certificate. We are not convinced that these instruments have the controlling effect ascribed to them.

The allegations in Surety's petition, although sworn to, do not constitute summary judgment proof. Pleadings simply outline the issues; they are not evidence, even for summary judgment purposes.[1] See Stayton, 29 Texas L.Rev. 688; LeMond and Kreager, The Scope of Pleading as Proof in Summary Judgment Procedure, 30 Texas L.Rev. 613, 618; McDonald, Summary Judgments, 30 Texas L.Rev. 285, 297.

Stayton's writing is a very brief casenote on Haley v. Nickels, 235 S.W.2d 683 (Tex. Civ.App.—Austin 1950, no writ). In that case, both parties presented affidavits at the hearing on the motion for summary judgment. Neither party verified his pleadings. It is obvious that the case did not involve sworn pleadings. Professor Stayton's comment on the use of pleadings in summary judgment proceedings, however, is not limited to unsworn pleadings. He stated that authorities interpreting the Federal rule "indicate that the office of the pleadings in this kind of proceeding is to show what the *alleged*[2] issues are"; and continued:

"If controversy in the pleading were alone enough to prevent summary judg-

---

1. We are not to be understood as holding that summary judgment may not be rendered, when authorized, *on the pleadings*, as, for example, when suit is on a sworn account under Rule 185, Texas Rules of Civil Procedure, and the account is not denied under oath as therein provided, or when the plaintiff's petition fails to state a legal claim or cause of action. In such cases summary judgment does not rest on proof supplied by pleading, sworn or unsworn, but on deficiencies in the opposing pleading. See 22 Texas L.Rev. 433, 439–440; 30 Texas L.Rev. 285, 297.

2. Emphasis ours throughout.

ment, this practice would ordinarily be useless, for there is no effective constraint upon what may be asserted or denied in the pleadings and there are many generalities which are good pleading but, to the full extent of their application in a particular case, bad truth. In any state like Texas, where the general denial can be and is used in practically every civil case, summary judgment would be almost always ineffective, and that in many situations where it would be useful and just."

There are a number of cases which pick up Professor Stayton's general statement that pleadings will not constitute summary judgment evidence. See Turinsky v. Turinsky, 359 S.W.2d 114, 116 (Tex.Civ.App.—Dallas 1962, no writ) ; Hansen v. Eagle Mountain, etc., School District, 373 S.W.2d 817, 820 (Tex.Civ.App.—Fort Worth 1963, ref'd n. r. e.) ; Blount v. Westinghouse Credit Corp., 432 S.W.2d 549, 554 (Tex.Civ.App. —Dallas 1968, no writ).

LeMond and Kreager note that there have been differing views in different jurisdictions concerning the place of sworn pleadings in summary judgment proceedings and conclude:

"* * * As a practical matter, *the summary judgment hearing would be facilitated if the parties were required to submit actual proof supporting their allegations, rather than mere allegations alone in a sworn pleading.* A possible exception to this theory occurs when the sworn pleadings set out in great detail the essential facts. In such a case it has been held that the sworn pleadings may be used as proof against general allegations. However, *it is submitted that for uniformity, as in the case of particularized unsworn pleadings, the use of pleadings as proof is questionable,* for the required degree of particularity must be established and less certainty regarding proof will result. There is also the difficulty presented by the requirement of first-

hand knowledge." (30 Texas L.Rev. 618)

McDonald put his conclusion in the following language:

"* * * It has been held that where the respondent's pleading was verified, contrary statements in the movant's affidavits need not be accepted as established. An argument of some plausibility can be erected in support of this view. But to have any validity, this argument must rest on two questionable assumptions : first, that the factual detail in the pleading is as precise as it would be in a counter-affidavit; and second, that the verification of the pleading is taken as seriously as is the verification of special affidavits submitted on motion. Experience does not persuade this writer that either assumption is valid." (30 Texas L.Rev. 297)

McDonald also states in his Texas Civil Practice, vol. 4, § 17.26, p. 1389:

"* * * Formal issues framed in the pleading clearly are not controlling when the extrinsic evidence demonstrates the absence of an issue of material fact. The object of the summary judgment practice is to permit the prompt disposition of just such cases. *Hence the sound rule is that a genuine issue of material fact is not raised by allegations in a pleading when they are controverted by affidavits or other evidence, in the absence of counter-affidavits or evidence to sustain them.* * * *"

There is some authority for considering properly sworn pleadings as summary judgment evidence. Moore, in his work on Federal Practice 2d, vol. 6, p. 2176, states that

"* * * Rule 56(e) demands that both supporting and opposing affidavits be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that affiant is competent to testify to the matters stated therein. *To the extent that a verified pleading meets that requirement then*

*it may properly be considered as equivalent to a supporting or opposing affidavit, as the case may be.* Usually it will not. And in that event we believe that the verified pleading should have no greater effect than an unverified pleading has in a summary judgment proceeding."

In Pine v. Gibraltar Savings Ass'n, 427 S.W.2d 714, 718 (Tex.Civ.App.—Houston 1968, no writ), the court held that "a pleading which alleges facts and which is sworn in a manner that affirms under oath the truth of the facts alleged" may be treated as an affidavit in a summary judgment proceeding. To the same effect, see Central Bank and Trust Company v. Davis, 102 So.2d 600 (Fla.1958).

■ On balance, we are convinced that orderly judicial administration will be better served in the long run if we refuse to regard pleadings, even if sworn, as summary judgment evidence. Taking this course will make for more orderly trials with fewer problems for courts and attorneys. If we took the opposite course, we would be confronted with constant problems concerning whether there was an adequate showing that the person making oath was personally acquainted with the facts and was competent to testify to the facts alleged.

The trial process includes both the pleading and the trial stages, whether the trial stage be in summary or conventional trial proceedings. If trial judges will be diligent in requiring in summary judgment proceedings that trial be on independently produced proofs, such as admissions, affidavits and depositions, the rule we have here approved should present no problems.

■ We cannot agree that recitations contained in the completion certificate, signed by Mrs. Hidalgo, conclusively established that Surety was a holder in due course. The certificate did recite, as indicated by the court of civil appeals, that the work for which the note was given had been satisfactorily completed and accepted by

Mrs. Hidalgo, and that no statement had been made which would affect payment of the note; further, that there were no counterclaims to the obligation, and that the note would be paid according to its terms. These recitations may or may not estop Mrs. Hidalgo from contending that Surety was not a holder in due course, a question we need not decide, but they do not constitute Surety a holder in due course of the note given Western States. And, in view of our holding on this question, neither is it necessary for us to decide whether the holding is correct, as made by the court of civil appeals in Allied Building Credits, Inc. v. Ellis, 258 S.W.2d 165 (Tex.Civ.App. —Waco 1953, no writ), that such a certificate conclusively defeats the status as a holder in due course of one who requires it.

The judgments of the court of civil appeals and trial court are reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

WALKER, Justice (concurring).

While I concur in the judgment rendered in this case, I would not go out of my way, as the Court does, to hold that a verified pleading may never constitute proof in a summary judgment proceeding. That question is not squarely presented for decision here. In support of the contention that it is a holder in due course, Surety relies solely upon the allegations of the petition, verified by its attorney, that it acquired the note for a valuable consideration and became a holder in due course. These allegations are mere conclusions, expressly authorized for pleading purposes but unacceptable as proof in summary judgment proceedings. Rules 45 and 166–A, Texas Rules of Civil Procedure; Associates Discount Corp. v. Rattan Chevrolet, Inc., Tex. Sup., 462 S.W.2d 546.

If a live pleading states facts in sufficient detail and is verified by one who clearly has personal knowledge of the facts and is clearly competent to testify to the matters

stated, it is my opinion that the pleading should be given the same effect as any other affidavit filed in the case.

REAVLEY, J., joins in this concurring opinion.