Jack W. LODGE, Jr., Appellant,

v.

GRANITE EQUIPMENT LEASING CORP., Appellee.

No. 522.

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 28, 1971.

Anthony L. Vétrano, Jr., Houston, for appellant.

David Hittner, Diamond & Totz, Houston, for appellee.

BARRON, Justice.

This is an appeal from a judgment of the District Court of Harris County, Texas granting Granite Equipment Leasing Corp. summary judgment against Jack W. Lodge, Jr., individually and doing business as Lodge Lumber Co. Granite Equipment is plaintiff and Lodge is defendant. Defendant has duly perfected his appeal from the ruling of the trial court.

The plaintiff alleged that on October 11, 1969 the defendant executed a leasing agreement for the rental of certain burglar alarm equipment and agreed to pay plaintiff the sum of $39.27 per month therefor for a total of 36 consecutive months. A copy of said alleged lease was attached to plaintiff's petition and marked Exhibit "A". It was further alleged that the equipment was duly installed and accepted by the defendant, Lodge, as indicated by Exhibit "B" attached to the plaintiff's petition. Allegations were further made that payments were made on the lease, but that defendant eventually defaulted, and though requested to pay said rentals, he failed to do so, and plaintiff elected under the terms of said lease to declare the balance due and owing. The amount due was alleged to be $903.21, plus 20% attorney's fees of $180.00 and interest. The equipment was installed by a "supplier" of same, Mustang Security & Investigation, Inc., and the plaintiff-lessor apparently did not make any warranty, express or implied, as to the merchantability, fitness, condition, quality or otherwise of the equipment in an attempt contractually to insulate itself from certain possible liabilities under its claimed lease. The petition was unverified, and copies of the exhibits attached were not sworn to or certified as true copies in any manner.

The defendant, Lodge, filed a general denial and pleaded the affirmative defense of failure of consideration in whole or in part by reason of certain allegations made in the answer. Attached to the answer was a partial copy of an alleged equipment lease contract between defendant, as lessee, and "Mustang Patrol Service". Defendant's answer was verified by the defendant, Lodge.

The only affidavits in the record are one signed by plaintiff's attorney stating that defendant's answer "was insufficient in law to constitute a defense to plaintiff's cause of action; and that as shown by the pleadings, together with depositions, admissions and affidavits, if any, on file herein, there is no genuine issue as to any material fact between the parties  *  *  * ", and one dealing with contractual attorney's fees which the plaintiff claimed.

We believe the plaintiff has misconstrued its burden of proof in a summary judgment case. It is clear that on motion for summary judgment the burden of proof is on the movant, plaintiff here, and all doubts as to the existence of a genuine issue as to any material fact are resolved against the movant. The rules are well stated in Great American R. Ins. Co. v. San Antonio Pl. Sup. Co., 391 S.W.2d 41, 47 (Tex. Sup.1965). Moreover, it has recently been held by our Supreme Court that pleadings, with exceptions irrelevant here, even if sworn, cannot be considered as summary judgment evidence. We cannot, therefore, regard the pleadings of the parties as effective in any respect, but we must look to affidavits of persons qualified to testify to facts included therein, depositions, answers to interrogatories, and admissions on file. None of the above are included in this record with the exception of the affidavit relating to contractual attorney's fees. See Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540, 545 (Tex.Sup. 1971).

The purported copies of instruments attached to the pleadings, including the lease contract between plaintiff and defendant, are not entitled to consideration in this summary judgment case, because the alleged instruments were not sworn or cer-

tified copies as required by Rule 166–A(e), T.R.C.P. The unverified lease contract attached to plaintiff's petition states that "Lessor may assign this Lease and its assignee may assign the same." In the event the lease is assigned "said property shall be free from all defenses, setoffs or counterclaims of any kind or character which Lessee may be entitled to assert against Lessor; * * *" Further provisions are made in the alleged lease in the event of default. There is no sworn proof in this record that default was made by defendant, nor is there any affidavit stating the total sum due under the alleged lease contract. Neither is there any showing by affidavit or other proper evidence that plaintiff is the owner and holder of the alleged contract, it apparently being subject to assignment. As observed by Associate Justice Greenhill in the recent case of Perkins v. Crittenden, 462 S.W.2d 565, 567 (Tex.Sup.1970):

> "There is good reason for requiring, as Rule 166–A(e) does, that if the original of a negotiable promissory note is not attached and brought before the court, that a sworn or certified copy be attached. If only an unverified copy is attached, the original may be somewhere else in the hands of an innocent holder; and the general denial of the defendant places the burden on the plaintiff to prove that he is the owner or holder of the note. Otherwise, the maker may have to pay the same note twice."

The alleged contract here is not only assignable, but an attempt is made by its provisions to make it, in effect, a negotiable instrument. We sustain defendant's complaints.

The defendant, appellant here, further contends that there are fact issues in this case by reason of his pleaded affirmative defense of failure or partial failure of consideration by verified answer. See Rules 93 and 94, T.R.C.P. The defendant, however, did not file an affidavit that such a disputed fact issue upon his affirmative defense exists, and there was no other summary judgment evidence to show it. We cannot rely upon his verified answer, even if it were sufficient, to fulfill this requirement of an affidavit or other summary judgment evidence showing facts sufficient to raise such defensive issue. The defendant in this case is required properly to show in this situation at least a disputed fact issue upon his affirmative defense, or plaintiff may ordinarily be entitled to summary judgment if plaintiff shows by proper evidence that there are no material fact issues upon the elements of its claim. See Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492, 500 (Tex.Sup.1958); Hidalgo, supra, 462 S.W. 2d at p. 542.

For the reasons stated above, the judgment of the trial court is reversed and remanded.