**PALMER & RAY DENTAL SUPPLY OF ABILENE, INC., Appellant,**

v.

**FIRST NATIONAL BANK OF ABILENE, Appellee.**

No. 4519.

Court of Civil Appeals of Texas, Eastland.

March 3, 1972.

Rehearing Denied March 24, 1972.

Mays, Moore, Dickson & Roberts, Aubrey L. Roberts, Jr., Sweetwater, for appellant.

McMahon, Smart, Sprain, Wilson & Camp, Stanley P. Wilson, Abilene, for appellee.

On Motion for Rehearing

WALTER, Justice.

Our opinion and judgment of February 4, 1972 are withdrawn and the following opinion is rendered in lieu thereof.

Palmer and Ray Dental Supply Company of Abilene, Inc. filed suit against First National Bank of Abilene for conversion of the proceeds of thirty-five checks presented to the Bank by its bookkeeper Mrs. Wilson on which she received cash. The court granted the Bank's motion for summary judgment and Palmer and Ray Dental Supply have appealed.

The appellant and appellee both made motions for summary judgment. The summary judgment proof introduced by the parties consisted of the oral deposition of James Frank Ray, President of the dental supply company, and the affidavits of W. R. Rainey, Vice-President and cashier of First National Bank and Mrs. Wilson, the office manager for the dental supply company. The appellant contends the endorsements on these checks are all unauthorized and the appellee contends the endorsements were authorized.

James Frank Ray, President and manager of the dental supply company testified substantially as follows: Mrs. Wilson was employed as our office manager. In February 1970, our auditor found a discrepancy in our inventory and we started looking for the leak. After we had worked on it for about two weeks, Mrs. Wilson called me one Saturday night and told me she would like to talk to me. I met her at the office and she told me she had been stealing by cashing checks that she was supposed to deposit. She was employed to an-

swer the phone, take orders, invoice merchandise, order merchandise and to perform the general office duties. She also made deliveries and looked after the internal workings of the office. We do a credit business and the customers pay by check. I generally take the checks from the mail and place them in Mrs. Wilson's desk and she deposited them. We try to do our banking business everyday. She made out the deposit slips in our office. At the time Mrs. Wilson was working for us we had a rubber stamp which we used to endorse our checks. The stamp read:

"Palmer & Ray Dental Supply
Inc. of Abilene
Box 2894
3110 B N. 1st
Abilene, Texas 79603"

I authorized and directed Mrs. Wilson to endorse the checks with this rubber stamp. During the time Mrs. Wilson worked for us this was the only endorsement stamp we used. We had no stamp which read "for deposit only".

Most of the time she would go to the bank in our van. All deposits were made at the First National Bank and she would bring the deposit slips back to the office. She made the deposits about 75% of the time.

We will try to follow the rules set forth in Great American R. Insurance Company v. San Antonio Plumbing Supply Company, 391 S.W.2d 41 (Tex.Sup.Ct.1965) and the cases therein cited and Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.Ct.1970) and Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540 (Tex.Sup.Ct.1971) in disposing of this summary judgment case.

In its trial petition appellant alleges that Mrs. Wilson made the deposits for it at First National Bank but instead of depositing the thirty-five checks which are listed in appellant's petition as she was instructed to do, she drew cash on them and did not account to the company for such money. It further alleged: "and by means of an unauthorized endorsement by said Dinah Wilson, the defendant First National paid cash to the *plaintiff* (Mrs. Wilson?) for the amount of the checks". It further alleged that by giving Mrs. Wilson cash instead of depositing the checks to its account the Bank converted its funds. Its cause of action against the Bank was predicated on the theory of wrongful conversion.

Article 3.204, Tex. Uniform Commercial Code, U.T.C.A., defines a blank endorsement as one that specifies no particular endorsee and may consist of a mere signature. Article 3.205 of the U.C.C. defines a restrictive endorsement to include one that uses the words "for deposit". Section 1.-201(43), U.C.C., defines an unauthorized signature or endorsement as one made without actual implied or apparent authority and includes a forgery.

The summary judgment proof establishes that each of the checks has affixed thereto the blank rubber stamp endorsement of the appellant. We hold that such blank endorsement constitutes an authorized endorsement. When the Bank delivered cash to Mrs. Wilson instead of depositing the proceeds from the checks to appellant's account, the Bank was *not guilty of conversion*, Strickland Transp. Co. v. First State Bank of Memphis, 147 Tex. 193, 214 S.W. 2d 934 (1948).

The judgment is affirmed.