Herschel **HANCOCK**, d/b/a Hancock Insurance Company, Appellant,

v.

**GREAT AMERICAN INSURANCE COMPANY**, Appellee.

No. 8159.

Court of Civil Appeals of Texas, Texarkana.

Dec. 31, 1973.

Rehearing Denied Feb. 5, 1974.

John Allen Curtis, Curtis, Hudson & Wilson, Donald W. Keck, Keck & Barnes, Dallas, for appellant.

James K. Peden, III, Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellee.

RAY, Justice.

This is a summary judgment case. Herschel Hancock, d/b/a Hancock Insurance Agency, appellant (plaintiff), brought suit against Great American Insurance Company, appellee (defendant), seeking a declaratory judgment, an accounting, and damages for breach of contract and fraud. The parties had a business relationship with one another as a result of an agency contract and a profit sharing agreement. Appellee Great American Insurance Company filed a cross-action, claiming insurance premiums were due and payable to it by appellant Hancock. Appellee filed its motion for summary judgment and the trial court entered a partial summary judgment in favor of appellee for recovery of the insurance premiums alleged to be due, interest on the premiums and assessed the master in chancery fee against appellant as costs. All other costs were unassessed until a final disposition of the remaining issues, which issues the court on its own motion severed from the partial summary judgment.

Appellant has perfected his appeal to this court and submits ten points of error for our consideration.

▮ After sifting through the voluminous record in this case, we have concluded that a material issue of fact exists and that the trial court should not have entered a partial summary judgment.

The fact issue is whether the Agency Agreement, the Profit Sharing Agreement, and the Memorandum of October 29, 1968, by Rufus Prichard of Great American were to be interpreted as one single contract. We think the intentions of the parties as to whether the three instruments would operate as one contract, all being interrelated, was a material fact issue to be determined by a jury. Appellant's *controverting affidavit* contains the following: "At the time of entering into the contract between Great American and myself, the three instruments which are attached to plaintiff's third amended petition and marked Exhibits 'A,' 'B,' and 'C,' were one single contract although contained in three instruments; that without any one of these instruments I would not have entered into any of the agreements with the Great American Insurance Company. In other words, the three instruments were always intended to be taken as one contract by all parties to this contract and the three instruments contain all of the agreements between the parties, except as to the amount of commissions Hancock received on specified accounts." The same three exhibits were attached to appellant's controverting affidavit and were the Agency Agreement, the Profit Sharing Agreement, and the Memorandum of October 29, 1968. The fact issue here presented is material because it determines whether Great American is entitled to the premiums held by Hancock without offsets for profit sharing. If it is determined that the three agreements were intended to operate as a single contract, then appellant Hancock would be entitled to have the profit sharing proceeds offset against the premiums due Great American. If it were the intention of the parties that each of the agreements would operate separately, then the trial court would have been correct in entering its partial summary judgment under the facts as presented to this court. However, only a Resolution of the intention of the parties relative to the three instruments can determine the other steps to be taken by the trial court.

■ The burden was upon the movant to prove as a matter of law that no material fact issue existed. Nichols v. Smith, 507 S.W.2d 518 (Tex.Sup.1974); Hidalgo v. Surety Savings and Loan Ass'n, 462 S.W.2d 540 (Tex.Sup.1971); City of Hutchins v. Prasifka, 450 S.W.2d 829 (Tex.Sup.1970).

In view of our conclusions that a material fact issue exists and that appellee was not entitled to the summary judgment, we are sustaining appellant's points of error 4 and 5. It is not necessary for us to reach the other points, and we therefore decline to do so.

The judgment of the trial court is reversed and the cause remanded.