TAMSCO, INC., Appellant,

v.

Edward A. JANUS, Appellee.

No. 5694.

Court of Civil Appeals of Texas, Waco.

June 23, 1977.

Rehearing Denied July 14, 1977.

Stephen C. Porter, Dallas, for appellant.

Joe Burnett, Howell, Johnson, Mizell, Taylor, Price & Corrigan, Dallas, for appellee.

HALL, Justice.

Appellee Edward A. Janus brought this suit in April, 1976, against appellant Tamsco, Inc., to recover on a $10,000.00 promissory note payable to him which was executed by Tamsco on August 15, 1972. Tam-sco answered Janus's suit with only a general denial. Additionally, insofar as pertinent here, Tamsco filed a cross action against Janus alleging that he has been a director and shareholder of Tamsco since 1971; that he was Tamsco's president and chief executive officer from May 6, 1971, until March 15, 1976; and that his mismanagement and misappropriation of corporate funds during that time caused Tamsco financial losses for which it sued.

Janus moved for summary judgment on the note. He supported the motion with his affidavit which had the original note attached to it. If facing only a general denial, these instruments (which we need not detail) entitled Janus to the summary judgment.

Tamsco contested the motion for summary judgment with pleadings that on September 12, 1974, Janus and Ted M. Akin "acting in their capacities as officers, directors and sole shareholders of [Tamsco]" each executed an Individual Guaranty Agreement with Texas Western Financial Corporation guaranteeing any indebtedness owed by Tamsco to Texas Western; that under the terms of the guaranties Janus and Akin individually agreed any indebtedness owed to either of them at that time or thereafter were subordinated to any indebtedness owed by Tamsco to Texas Western; that Tamsco is indebted to Texas Western in an amount "far in excess of $10,000.00; that on the same day (September 12, 1974) Tamsco executed a Loan And Security Agreement with Texas Western; and that if Tamsco pays Janus on the note he sues upon it will be in default under the terms of the Loan And Security Agreement by reason of violating the subordination clause in the guaranty agreements and will thereby subject Tamsco to the rights and remedies available to Texas Western under the default provisions of the Loan And Security Agreement which include a declaration by Texas Western that Tamsco's indebtedness is immediately due and payable and a foreclosure under the security agreement. These pleadings were supported and established by Akin's affidavit which had at-

tached copies of the Guaranties and the Loan And Security Agreement.

The motion was granted and summary judgment was rendered in Janus's favor on the note on July 27, 1976. Thereafter, on Janus's motion his cause on the note was severed from the remainder of the case. The order of severance provided that payment of the judgment should be made into the registry of the court "to be withdrawn by [Janus] upon the posting of a good and sufficient surety bond guaranteeing that should Tamsco, Inc., prevail on its cross action against [Janus] that said funds would be available to pay such judgment; or said proceeds may be withdrawn upon further order of the Court."

██ Tamsco first asserts that under the well-settled rule that dealings between an officer or director and his corporation involving corporate property are presumptively invalid, the pleadings in its cross action that Janus was its officer and director over a span of time which included the date the note was executed cast upon him the burden of showing as a part of his summary judgment proof that the note transaction sued upon was entirely fair, which he did not do. We disagree. There is no evidence in the record that Janus was an officer or director of Tamsco when the note was executed. Tamsco's pleadings are not proof of it. "Pleadings simply outline the issues; they are not evidence, even for summary judgment purposes." *Hidalgo v. Surety Savings And Loan Association*, 462 S.W.2d 540, 543 (Tex.Sup.1971).

██ Next, Tamsco says that Janus was not entitled to the summary judgment because it violates the subordination clause in the Guaranty Agreement by him and, in effect, would jeopardize Tamsco's credit status with Texas Western. We overrule this contention. The subordination agreement is for the sole benefit of Texas Western Financial Corporation which is not a party here. If the agreement is to be used as a defense to Janus's suit on the note, then it was Tamsco's burden to come forward with proof that Texas Western would treat the collection of the note as a breach

of the Guaranty Agreement and not merely that it *could* do so, but this was not done. In *Seale v. Nichols*, 505 S.W.2d 251, 254 (Tex.Sup.1974), the Court said, "In a summary judgment proceeding, the necessity of supporting a non-movant's affirmative defense by proof raising a fact issue is well established in Texas. Mere pleading of the defense is not sufficient to withstand a properly evidenced motion for summary judgment."

Tamsco's remaining point and contentions are overruled.

The judgment is affirmed.