Johnny CAMPBELL, et ux., Appellants,

v.

Alejandro DURAN, Jr., et al., Appellees.

No. 6949.

Court of Civil Appeals of Texas, El Paso.

Dec. 31, 1980.

Rehearing Denied Feb. 4, 1981.

Herbert E. Marsh, Jr., El Paso, for appellants.

Scott, Hulse, Marshall, Feuille, Finger & Thurmond, David P. Hassler, Johnson, Allen & Aycock, P. C., Stanley M. Serwatka, James T. Allen, El Paso, for appellees.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This appeal is from an order of the trial Court sustaining the defendants' motion for summary judgment to plaintiffs' petition which alleged slander of title, negligence and abuse of process or malicious prosecution. We reverse and remand for trial.

This suit was brought originally by Alejandro Duran, Jr., and DILA Properties of El Paso, Inc., to quiet title to property owned by DILA and purchased from Duran, and for an injunction against the maintenance of a fence upon the property in question. Duran and DILA took a non-suit upon discovering Duran never had title to the property, but Campbell succeeded in having the Court reinstate the case and then filed counter-claims against Duran and DILA for damages; the trial Court's granting a summary judgment to the defendants in that cause is the case before us here.

■ In this cross-action, Appellees Duran and DILA are Defendants. As Defendants, they must assume the burden of showing as a matter of law Campbell had no cause of action against them and that no material fact issues remained. *Citizens First National Bank of Tyler v. Cinco Exploration Company*, 540 S.W.2d 292 (Tex.1976); *Neigut v. McFadden*, 257 S.W.2d 864 (Tex.Civ. App.—El Paso 1953, writ ref'd n.r.e.). To

meet that burden, Appellees rely on the pleadings and the deposition testimony of Campbell and his wife. We are of the opinion that they have not met their burden as to Count Two of the three count petition.

Appellants alleged three theories of recovery; first, slander of title, then negligence, and thirdly, abuse of process or malicious prosecution. The summary judgment order of the trial Court can be sustained as to the slander of title and abuse of process, but we are of the opinion that the negligence claim has not been disposed of.

■ It has long been the rule that, in order to recover in a slander of title suit, the plaintiff must allege the loss of a specific sale. *Shell Oil Co. v. Howth*, 138 Tex. 357, 159 S.W.2d 483, 490 (1942). Appellants did not allege any such loss in this case, but limited their damage claim to $1,500.00 attorney's fees. Appellants rely on *Walker v. Ruggles*, 540 S.W.2d 470 (Tex.Civ.App.— Houston [14th Dist.] 1976, no writ), for the proposition that reasonable attorney's fees as expenses of litigation necessary to remove the cloud are recoverable in a slander of title suit. The *Walker* rationale has been criticized by the Beaumont Court in *American National Bank & Trust Co. v. First Wisconsin Mortgage Trust*, 577 S.W.2d 312, a 1979 writ ref'd n.r.e. case. It is not necessary for us to consider the question of whether attorney's fees are in fact recoverable as lawful damages because we think the facts of this case preclude recovery. Under the record before us, expenses of litigation were not necessary to remove the cloud on Appellants' title because Appellees took a non-suit when they discovered their title claim was erroneous. The matter would have ended there except that Appellants had the case reinstated and then filed this cross-action. But for such reinstatement, there would be no need for attorney's fees and they cannot be heard to complain of damages which they created.

■ It must be said that Appellants' negligence claim is not free of doubt as to its nature, but our action is based on the fact that it has not been disposed of by summary judgment pleadings or proof. Appel-

lants' negligence claim is based on Appellees' failure or refusal to "recognize that Duran's deed did not convey the disputed property to him and that he had never had title to it, . . ." as would a reasonably prudent person. They alleged that such negligence was a proximate cause of damages to them in that it caused harassment, threats, and written and verbal abuse resulting in mental anguish. Appellants support their harassment claims with testimony in their depositions of some five or six visits to their property by one of the Appellees in which words were exchanged, threats made to bulldoze the fence down, and other testimony not necessary to detail here. Appellants' pleading of negligence and their testimony as to harassment may or may not set up a cause of action sounding in tort. Whether it does or does not is not the question here. The error in the case is that that question has never been passed on. It was not attacked by Appellees' pleading in their motion for summary judgment and it has not been ruled on. Summary judgment may be granted on the pleadings if they fail to state a legal claim or cause of action. *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540 (Tex.1971). But, as pointed out, Appellees' motion for summary judgment does not attack the legal sufficiency of this theory of recovery.

The summary judgment is reversed and the cause is remanded for trial.