Opinion filed September 12, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00274-CV

_____

## MARK WATSON, Appellant

## V.

## REECE ALBERT, INC., Appellee

**On Appeal from the 142nd District Court**
**Midland County, Texas**
**Trial Court Cause No. CV-47,092**

## M E M O R A N D U M   O P I N I O N

Mark Watson sued the City of Midland and Reece Albert, Inc., for property damage after his house was flooded due to a thunderstorm. Watson maintained that the City and Reece Albert were negligent in building a dam that diverted the rainwater onto his property. The trial court dismissed the City for lack of jurisdiction and granted Reece Albert's no-evidence motion for summary judgment. In Watson's appeal from the no-evidence summary judgment, he

contends in his first issue that the trial court erred in striking as hearsay Watson's deposition testimony that he was told by the City's project manager that Reece Albert built the dam. In his second issue, he contends that the trial court erred in granting summary judgment. We affirm.

*Analysis*

Rule 166a(i) of the Texas Rules of Civil Procedure provides the following standard for a no-evidence motion for summary judgment:

> After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.

In its motion for summary judgment, Reece Albert stated that there was no evidence that Reece Albert owed Watson a duty, breached that duty, or proximately caused Watson's damages by that breach, citing *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006). Watson's response relied on the following excerpt from his deposition testimony:

> Q. Did you at any point after the flooding incident learn who had built the dam?
>
> A. After the flood the project manager for the City had come out there, and he's the one who told me it was Reece Albert who had built the dam.

Reece Albert objected to Watson's testimony on the basis that it was inadmissible hearsay. The trial court agreed.

Summary judgment evidence must be presented in a form that would be admissible in a conventional trial proceeding. *Hidalgo v. Sur. Sav. & Loan Ass'n*,

2

462 S.W.2d 540, 545 (Tex. 1971). Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. TEX. R. EVID. 801(d). The statement in question was hearsay; it was offered to prove the truth of the assertion that Reece Albert built the dam. Watson contends that the excluded statement was an admission by a party-opponent; therefore, it was not hearsay under TEX. R. EVID. 801(e)(2) and was admissible. The statement does not qualify as an admission by a party-opponent. The statement by the City's project manager was not shown to be a statement authorized by Reece Albert as required by Rule 801(e)(2)(C). The statement was not made by an agent or employee of Reece Albert as required by Rule 801(e)(2)(D). The trial court correctly ruled that the statement by Watson was inadmissible.

The trial court also did not err in granting Reece Albert's no-evidence motion for summary judgment. Even if the statement had been admitted, it did not suffice to show that Reece Albert owed a duty to Watson, how Reece Albert breached that duty, or how any action by Reece Albert proximately caused Watson's damages. In its no-evidence motion for summary judgment, Reece Albert asserted that there was no evidence on any of the elements. In granting the motion for summary judgment, the trial court did not state on which ground it granted the motion. Watson's brief does not address the remaining two elements.

A court should sustain a no-evidence point when "(a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). Without the inadmissible hearsay

statement, there is no evidence of duty, breach, or causation. And the statement, even if admitted, is no more than a scintilla of evidence to prove a duty.

Watson states that negligent acts of a contractor can be imputed to the City and that the duty of the City to keep its streets safe is transferred to Reece Albert. No authority is cited for these assertions. And there is no discussion on how Reece Albert was negligent. An appellant's brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(i).

We overrule Watson's two issues.

*This Court's Ruling*

We affirm the judgment of the trial court.

PER CURIAM

September 12, 2013

Panel consists of: Wright, C. J.,
McCall, J., and Judge Herod.[1]

Willson, J., not participating.

---

[1]Steven R. Herod, Judge, 91st District Court, Eastland, sitting by assignment.