

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00342-CV

Alma L. **GOMEZ** and Alberto F. Gomez, Individually and as Next Friend of Jorge Elias Gomez,
a Deceased Minor, and on behalf of the Estate of Jorge Elias Gomez, a Deceased Minor; and
Yolanda Medellin, Individually and as Next Friend of Jesus Medellin,
Appellants

v.

## AMERICAN HONDA MOTOR CO., INC.,
Appellee

From the 365th Judicial District Court, Maverick County, Texas
Trial Court No. 11-02-26254-MCV
Honorable Amado J. Abascal, III, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice
Dissenting Opinion by: Irene Rios, Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Karen Angelini, Justice
               Irene Rios, Justice

Delivered and Filed:  July 26, 2017

AFFIRMED

Alma L. Gomez and Alberto F. Gomez, individually and as next friend of Jorge Elias

Gomez, a deceased minor and on behalf of the estate of Jorge Elias Gomez, a deceased minor; and

Yolanda Medellin, individually and as next friend of Jesus Medellin (collectively, "appellants")

sued American Honda Motor Co., Inc. ("Honda") asserting strict liability, negligence, and breach

of implied warranties of merchantability and safeness for the purpose intended.  Appellants appeal

from the trial court's summary judgment in favor of Honda.  We affirm.

**BACKGROUND**

On May 23, 2009, Jorge Gomez and Jesus Medellin, both then twelve years old, were riding a 2001 Honda TRX 250 Fourtrax Recon All-Terrain Vehicle ("ATV"). Jorge lost control of the ATV he was operating on a dirt road near the edge of the Chula Vista Canal. The ATV left the edge of the road and landed in the canal. The accident resulted in Jorge's death and injury to Jesus.

Appellants sued Honda for strict liability, negligence, and breach of implied warranties of merchantability and safeness for the purpose intended, and sought actual and exemplary damages. Appellants alleged Honda's unreasonable and defective design and manufacture of the ATV caused the vehicle to flip. Appellants designated several experts, including Dr. David Renfroe, H. Alex Roberts, Randy Nelson, Dr. Louis Hamer, and Dr. Marc Green. In their second amended response to Honda's request for disclosure, appellants added Stan Andrews as an additional retained expert. Honda filed motions to exclude Renfroe's, Nelson's, Hamer's, and Green's expert testimony and opinions. The trial court granted Honda's motions to exclude the testimony and opinions of only Renfroe, Nelson, and Green. Thereafter, appellants filed an interlocutory appeal in this court challenging the trial court's exclusion of the experts' testimony. A panel of this court affirmed. *Gomez v. Am. Honda Motor Co., Inc.*, 04-14-00398-CV, 2015 WL 1875954 (Tex. App.—San Antonio Apr. 22, 2015, pet. denied).

After the trial court granted Honda's motions to exclude Renfroe's, Nelson's, and Green's testimony, Honda filed a motion for no-evidence summary judgment on the ground that appellants had no experts to support their defect claims or to establish causation, abandoned their manufacturing defect claims, and presented no evidence of a manufacturing defect. Appellants responded they properly and timely designated Roberts and Andrews as liability experts to testify regarding their product defect claims, marketing defect claims, and causation. Appellants further responded Honda failed to provide any evidence that expert testimony was required to prove their

marketing defect and negligence claims. Finally, appellants argued they cross-designated Honda's experts and should be afforded the opportunity to prove their claims through Honda's designated experts.

Honda filed a reply to appellants' response in which it argued appellants' remaining experts could not prove their design product defect and marketing defect claims or causation because their opinions lacked reliability. Honda also noted Andrews acknowledged, in his deposition testimony, that he would not offer an expert opinion regarding the defect claims or causation. Finally, Honda responded that appellants would not be able to prove their marketing defect claims through Honda's expert witnesses.

Following a hearing, the trial court granted Honda's motion for no-evidence summary judgment without stating its grounds, and this appeal followed.

## NEW AND INDEPENDENT SUMMARY JUDGMENT GROUND

On appeal, appellants assert the trial court improperly rendered summary judgment in Honda's favor on a ground not raised in Honda's motion for no-evidence summary judgment. According to appellants, the only basis on which Honda sought a no-evidence summary judgment was Honda's contention that appellants had no experts to support their defect claims or causation. Appellants contend it was not until Honda's reply that Honda argued the opinions of appellants' remaining experts (Roberts and Andrews) were unreliable. Appellants conclude this basis for the trial court's summary judgment was improper because a summary judgment movant may not use a reply to amend its motion or to raise a new and independent summary judgment ground.

A no-evidence summary judgment "motion must state the elements as to which there is no evidence." TEX. R. CIV. P. 166a(i). Although a no-evidence summary judgment motion must not be conclusory, such a motion is sufficiently specific if it asserts there is no evidence of a particular element of a claim or defense. *See Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310-11 (Tex.

2009) (citing TEX. R. CIV. P 166a(i), cmt. 1997). The requirement that the no-evidence motion be specific "is to provide the opposing party with adequate information for opposing the motion, and to define the issues for the purpose of summary judgment." *Id.* at 311 (quoting *Westchester Fire Ins. Co. v. Alvarez*, 576 S.W.2d 771, 772 (Tex. 1978)). A trial court cannot grant a summary judgment motion on grounds not presented in the motion. *Id.* at 310. A summary judgment movant is not entitled to use its reply to amend its motion for summary judgment or to raise new and independent summary judgment grounds. *Garcia v. Garza*, 311 S.W.3d 28, 36-37 (Tex. App.—San Antonio 2010, pet. denied).

In its motion, Honda repeatedly stated, "[appellants] have no experts." However, Honda also substantively, and repeatedly, argued, "expert testimony is necessary" to prove the elements of a product liability claim. Honda's motion begins with the statement that "[t]his is a product liability case that necessarily requires expert testimony to establish the alleged defect and the alleged causal relationship between the defect, if any, and [appellants'] alleged damages. . . . [R]eliable expert testimony is necessary to prove the elements of product liability claims . . . ."

Honda's motion then contains several subsections, each of which cites to case law holding expert testimony is necessary to establish a marketing defect, design defect, manufacturing defect, and causation. As to the element of causation, Honda more specifically stated, again with citations to case law, that, "[p]roof of causation in an automobile products liability case generally requires expert testimony" and "[i]n this instance, [Honda] is entitled to summary judgment because there is no evidence that a defective condition of the vehicle (if any) was a cause in fact of [appellants'] damages."

Based on our review of the entirety of Honda's motion, we conclude the motion provided appellants with adequate information, pursuant to Rule 166a(i), that Honda was asserting there was no evidence of a design defect, marketing defect, manufacturing defect, or causation because

appellants had no expert testimony to support their product liability claims. Therefore, the trial court did not render summary judgment in Honda's favor on a ground Honda failed to present in its no-evidence summary judgment motion. We next address whether appellants satisfied their burden to produce more than a scintilla of evidence raising a genuine issue of material fact.

## NO-EVIDENCE SUMMARY JUDGMENT

We review a trial court's granting of a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A no-evidence summary judgment is essentially a directed verdict granted before trial, to which we apply a legal sufficiency standard of review. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). "A no-evidence motion for summary judgment must be granted if, after an adequate time for discovery, the moving party asserts there is no evidence of one or more essential elements of a claim or defense on which an adverse party has the burden of proof at trial and the non-movant fails to produce more than a scintilla of summary judgment evidence raising a genuine issue of material fact on those elements." *Medistar Corp. v. Schmidt*, 267 S.W.3d 150, 157 (Tex. App.—San Antonio 2008, pet. denied); *see also* TEX. R. CIV. P. 166a(i). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *King Ranch, Inc.*, 118 S.W.3d at 751 (citations omitted). "More than a scintilla of evidence exists when the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Id.* When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the non-movant, indulging in every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006).

Appellants argue the trial court improperly granted Honda's motion for no-evidence summary judgment because they produced more than a scintilla of evidence when they presented evidence of timely and properly designated experts to support their defect claims and establish

causation. According to appellants, their designation of Andrews and Roberts was sufficient to meet their summary judgment burden. We disagree, and as set out below, we conclude appellants produced no evidence in response to Honda's motion for no-evidence summary judgment.

To preclude Honda's no-evidence summary judgment, appellants were required to present more than a scintilla of probative expert evidence. In appellants' response to Honda's motion for summary judgment, they attached copies of their expert designation and supplemental response to Honda's request for disclosure as summary judgment evidence that Roberts's and Andrews's testimony would support their defect claims and causation. Appellants' expert designation stated

> the following persons [are designated] as experts whose testimony may be presented at the trial of this cause:
>
> 1. The Engineering Institute, LLC
>    Dr. David A. Renfroe
>    H. Alex Roberts, P.E.
>    13045 Highway 62 West
>    Farmington, AR 72730 . . . .

Appellants later supplemented their disclosure response to add Andrews's name to the above designation.

As to the expected expert testimony, both the designation and the supplemental disclosure response stated as follows:

> The Engineering Institute, LLC., is expected to testify regarding the design and manufacturing and marketing of the ATV in this case. They are expected to testify that the ATV was unreasonably dangerous and defective in its design, manufacture and marketing.
>
> . . .
>
> Further, The Engineering Institute, LLC, is expected to testify that a safer alternative design of the independent rear suspension and non-solid rear axle was available to Honda Defendants at the time the product was manufactured.

Additionally, appellants presented excerpts from Renfroe's deposition, in which Renfroe acknowledged Roberts participated in all ATV testing, rode the ATV during testing, and was responsible for instrumenting the ATV.

Generally, pleadings are not competent evidence, even if sworn or verified. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995); *Hidalgo v. Surety Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex. 1971); *see also Tex. Nat'l Corp. v. United Sys. Int'l, Inc.*, 493 S.W.2d 738, 741 (Tex. 1973) ("The factual statements to support the motion for summary judgment are in the pleadings, not in a sworn motion or affidavit in support of the motion. The affidavit does not swear that the plaintiff is the owner and holder of the note sued upon. The granting of the motion, therefore, falls under the rules announced in *Hidalgo v. Surety Savings & Loan* cited and discussed above."). "Pleadings simply outline the issues; they are not evidence, even for summary judgment purposes." *Hidalgo*, 462 S.W.2d at 543. The *Hildago* Court refused to regard pleadings, even if sworn, as summary judgment evidence on the grounds that to do so "would . . . confront[ courts] with constant problems concerning whether there was an adequate showing that the person making [the] oath was personally acquainted with the facts and was competent to testify to the facts alleged." *Id.*

Also, "[a]nswers to interrogatories and discovery responses may only be used against the party who answered them" and a party's reliance upon answers it provided to discovery does not provide competent summary judgment evidence. *See Schulz v. State Farm Mut. Auto. Ins. Co.*, 930 S.W.2d 872, 876 (Tex. App.—Houston [1st Dist.] 1996, no writ); *see also Richardson v. SV Almeda I Ltd. P'ship*, 01-11-01004-CV, 2013 WL 4680392, at *9 (Tex. App.—Houston [1st Dist.] Aug. 29, 2013, no pet.) (holding, "appellants' unsworn [amended response to request for] disclosure includes no factual allegation of any harm resulting from the alleged TDCPA violation, and in any case it is not competent summary-judgment evidence"). Finally, an unsworn statement

is not competent summary judgment proof. *Sullivan v. Bickel & Brewer*, 943 S.W.2d 477, 486 (Tex. App.—Dallas 1995, writ denied) (discussing requisites of an affidavit).

We conclude appellants' expert designation and supplemental response to Honda's request for disclosure were not probative summary judgment evidence. Although their expert designation and disclosure response indicated they had *designated* experts and provided *generalized* information about what some or all of the experts would testify, appellants submitted no actual evidence—such as an affidavit, deposition testimony, or other sworn discovery from Roberts or Andrews—indicating the specific testimony either one would provide. Therefore, we conclude appellants' response to Honda's no-evidence summary judgment motion was insufficient under the requirements of Rule 166a(i).[1]

## CONCLUSION

For the reasons stated above, we affirm the trial court's summary judgment in favor of Honda.

Sandee Bryan Marion, Chief Justice

---

[1] Because this issue is dispositive, we do not address appellants' arguments that the trial court improperly decided whether their experts' opinions were reliable or whether the trial court erred by not conducting a *Robinson* analysis on the question of reliability. *See* TEX. R. APP. P. 47.1 ("court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal").